IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MID CENTRAL OPERATING ENGINEERS )
HEALTH AND WELFARE FUND, )
LOCAL 649, OPERATING ENGINEERS )
APPRENTICESHIP TRUST FUND, )
OPERATING ENGINEERS LOCAL 649 )
ANNUITY TRUST, CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF )
OPERATING ENGINEERS AND )
PARTICIPATING EMPLOYERS, ASSOCIATED )
GENERAL CONTRACTORS OF ILLINOIS )
INDUSTRY ADVANCEMENT FUND, )
DOWNSTATE INFRASTRUCTURE )
AWARENESS AND ADVANCEMENT FUND, )
and UPGRADE FUND, )
 )
   Plaintiffs, )
 )
v. )  No. 24-cv-1309
 )
TYRO CONSTRUCTION, INC. )
 )
   Defendant. )

## MOTION FOR SUMMARY JUDGMENT

NOW COME plaintiffs, MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND *et al*., by their attorneys, CAVANAGH & O'HARA LLP, and move this Court pursuant to Rule 56 of the Federal Rules of Civil Procedure for an Order entering summary judgment in their favor and against the defendant, TYRO CONSTRUCTION, INC., and in support thereof, state as follows:

## INTRODUCTION

This is a civil action brought under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), the Labor Management Relations Act of 1947, as amended from time to time and codified at 29

U.S.C. §141 *et seq.* ("LMRA"), and federal common law.  Plaintiffs include a group of employee benefit funds who provide health, retirement, training and other collectively bargained benefits to the employees of the defendant.  The plaintiffs are administered in accordance with their governing trust agreements, and governing provisions of ERISA and the LMRA.  Plaintiffs seek to recover delinquent contributions and related amounts the defendant is obligated to pay to the plaintiffs under the terms of a collective bargaining agreement, the plaintiffs' respective trust agreements, and governing provisions of ERISA and the LMRA.

The defendant is an "Employer" engaged in an industry within the meaning of the provisions of ERISA and bound by a collective bargaining agreement. Under the collective bargaining agreement, the defendant is obligated to pay fringe benefit contributions on behalf of its employees to the plaintiffs for each hour of covered work performed by the employees.  The employees performing such covered work are members of, and represented by, labor organizations affiliated with the plaintiff employee benefit funds.

Plaintiffs initiated this action on August 30, 2024.  Pursuant to leave of Court, plaintiffs filed an amended complaint on June 16, 2025.  Defendant filed its Answer on July 16, 2025.  On September 2, 2025, plaintiffs served defendant, by certified mail, with Plaintiffs' Request for the Admission of Facts, Interrogatories and Request to Produce Documents as well as Plaintiffs Request for Genuineness of Documents, Interrogatories and Request to Produce Documents (collectively the "Requests for Admissions").  The Requests for Admissions were received by defendant's legal counsel on September 9, 2025. As of the date of the filing of this Motion, defendant has not answered, objected or otherwise responded to the Requests for the Admissions.

Defendant's failure to respond to the Requests for Admissions results in each matter set forth therein being deemed admitted under Rule 36(a) of the Federal Rules of Civil Procedure. These deemed admissions conclusively establish Defendant's contractual and statutory obligations, its failure to report and remit required contributions, and the specific amounts owed to plaintiffs. When considered together with the admissions contained in Defendant's Answer, the affidavits submitted by plaintiffs, and the undisputed documentary evidence, there is no genuine issues of material fact as to Defendant's liability or the amounts due.

The undisputed facts demonstrate that at the time of the filing of the amended complaint, defendant owed plaintiffs contributions of $12,703.12 for hours of covered work performed during April and May 2024. Defendant is also obligated to pay liquidated damages of $1,267.97, interest of $996.31, and reasonable attorneys' fees and costs of $25,096.71 as provided under the plaintiffs' trust agreements and plan policies, as well as governing provisions of ERISA. In total, after crediting defendant $8,851.56 for a payment received after the filing of the amended complaint as part of a separate state court lawsuit involving a lien against public funds, the total due to plaintiffs is $31,212.55.

Accordingly, plaintiffs are entitled to summary judgment in their favor and against defendant in the total amount of $31,212.55.

## **JURISDICTION**

This court has jurisdiction over this case pursuant to Section 502(e)(1) of ERISA because federal district courts have exclusive jurisdiction under ERISA over civil actions cases like the present action (*see* 29 U.S.C. §1132(e)(1)). This Court also has jurisdiction of this case pursuant to Section 301(a) of the LMRA, which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting

commerce, without respect to the amount in controversy and the citizenship of the parties (*see* 29 U.S.C. §185(a)).  To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

## VENUE

Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the employee benefit plan is administered.  *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2). Venue for civil cases like the present case is proper in any federal district court having jurisdiction of the parties (*see* §301(a) of LMRA, 29 U.S.C. §185(a)). Venue is proper in this court because plaintiffs Local No. 649 Apprenticeship Training Fund and Local No. 649 Annuity Fund are administered in Peoria, Illinois, which is located within the venue of the District Court for the Central District of Illinois, Peoria Division.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### Admissions based upon Defendant's Answer

1.    All admissions contained in Defendant's Answer (d/e 10), including those not separately enumerated in this Statement of Undisputed Material Facts, are incorporated herein as undisputed facts, and are binding on defendant and may be relied upon in full support and for purposes of this Motion.

2.    Plaintiffs, Mid Central Operating Engineers Health and Welfare Fund, Local 649, Operating Engineers Apprenticeship Trust Fund, Operating Engineers Local 649 Annuity Trust, and Central Pension Fund of the International Union of Operating Engineers and Participating Employers are each administered pursuant to the terms and provisions of certain agreements and

declarations of trust, as amended and restated, and maintained in accordance with the provisions of ERISA and the LMRA (d/e 1, Complaint, para. 15; d/e 10, Answer, para. 15).

3.      A copy of pertinent provisions of the trust agreements for each of Mid Central Operating Engineers Health and Welfare Fund, Local 649 (Exhibit "A"), Operating Engineers Apprenticeship Trust Fund (Exhibit "B"), Operating Engineers Local 649 Annuity Trust (Exhibit "C"), and Central Pension Fund of the International Union of Operating Engineers and Participating Employers (Exhibit "D") are attached to plaintiffs' complaint as Exhibits "A", "B", "C" and "D" (collectively, the "Trust Agreements") (d/e 1, Complaint, para. 16; d/e 10, Answer, para. 16).

4.      Tyro Construction is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14) (d/e 1, Complaint, para. 17; d/e 10, Answer, para. 17).

5.      Tyro Construction is a party to or otherwise bound by a collective bargaining agreement between the Local Union and the Association, titled Articles of Agreement Highway & Heavy between The Associated General Contractors of Illinois and International Union of Operating Engineers Local No. 649, and effective April 1, 202 through March 31, 2025 (the "Collective Bargaining Agreement") (d/e 1, Complaint, para. 18; d/e 10, Answer, para. 18).

6.      A true and accurate copy of the Collective Bargaining Agreement is attached to plaintiffs' amended complaint as Exhibit "E" (d/e 1, Complaint, para. 19; d/e 10, Answer, para. 19).

7.      Tyro Construction is required under the Collective Bargaining Agreement and Trust Agreements to pay contributions to plaintiffs for certain hours of work performed by its employees each month (d/e 1, Complaint, para. 22; d/e 10, Answer, para. 22).

8.      Plaintiff Mid Central Operating Engineers Health and Welfare Fund acts as a point of receipt and collection agent for the other plaintiffs and is authorized to collect contributions owed to the other plaintiffs under the Collective Bargaining Agreement for work performed in the jurisdiction of the Local Union (d/e 1, Complaint, para. 18; d/e 23, Answer, para. 23).

9.      Pursuant to §1145 of ERISA, Tyro Construction is required to pay contributions to plaintiffs in accordance with the terms and conditions of the Trust Agreements. *See* 29 U.S.C. §1145 (d/e 1, Complaint, para. 24; d/e 10, Answer, para. 24).

10.     Tyro Construction is required under the Collective Bargaining Agreement and Trust Agreements to prepare and submit each month completed contribution reporting forms to the Mid Central Operating Engineers Health and Welfare Fund, which provide information needed in order to accurately assess the contributions and other amounts due and payable to the Mid Central Operating Engineers Health and Welfare Fund and the other plaintiffs ("Monthly Reports") (d/e 1, Complaint, para. 25; d/e 10, Answer, para. 25).

11.     Tyro Construction is required under the Collective Bargaining Agreement and Trust Agreements to prepare and submit completed Monthly Reports to Mid Central Operating Engineers Health and Welfare Fund, along with the appropriate payments of contributions owed to Mid Central Operating Engineers Health and Welfare Fund and the other plaintiffs, on or before the 15th day of the calendar month following the month in which the contributions and other amounts accrued (d/e 1, Complaint, para. 26; d/e 10, Answer, para. 26).

12.     Tyro Construction is delinquent in reporting information and paying contributions to the Mid Central Operating Engineers Health and Welfare Fund and the other plaintiffs if Monthly Reports with the appropriate payments are not sent to Mid Central Operating Engineers

Health and Welfare Fund by the 15th day of each month (d/e 1, Complaint, para. 28; d/e 10, Answer, para. 28).

13.     Tyro Construction performed construction work involving I-80 in Knox County, Illinois (the "I-80 Project"), during the months of April and May of 2024, which was covered work under the Collective Bargaining Agreement and gave rise to an obligation to pay contributions to Mid Central Operating Engineers Health and Welfare Fund and the other plaintiffs for each hour of work performed by its employees (d/e 1, Complaint, para. 29; d/e 10, Answer, para. 29).

14.     Under the Collective Bargaining Agreement, contributions are owed for each hour of work performed by employees who perform work covered by the Collective Bargaining Agreement (d/e 1, Complaint, para. 32; d/e 10, Answer, para. 32).

15.     Under the Collective Bargaining Agreement, the total contribution rate owed per hour of work was $40.65, consisting of the following contribution rates for the following funds: $12.60 for the Welfare Fund; $14,45 for the Pension Fund; $1.80 for the 649 Apprenticeship Fund; $9.70 for the Annuity Fund; $1.80 for the Upgrade Fund; $0.20 for Associated General Contractors of Illinois Industry Advancement Fund ("IAF"); and $0.10 for Downstate Infrastructure Awareness and Advancement Fund ("DIAAF") (d/e 1, Complaint, para. 36; d/e 10, Answer, para. 36).

16.     A summary prepared by Mid Central Operating Engineers Health and Welfare Fund of the unreported hours of work by the Employees on the I-80 project for the months of April and May of 2024, and the contribution rates owed under the Collective Bargaining Agreement for each hour of work is attached to plaintiff's complaint as Exhibit "F" (d/e 1, Complaint, para. 37; d/e 10, Answer, para. 37).

17.    Tyro Construction failed to submit Monthly Reports detailing hours of work in April and May of 2024 (d/e 1, Complaint, para. 39; d/e 10, Answer, para. 39).

18.    Tyro Construction failed to pay contributions to Mid Central Operating Engineers Health and Welfare Fund for work performed by the Employees on the I-80 Project in April and May of 2024 (d/e 1, Complaint, para. 40; d/e 10, Answer, para. 40).

19.    Tyro Construction breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit Monthly Reports and by failing to pay all contributions owed to Mid Central Operating Engineers Health and Welfare Fund and the other plaintiffs for the hours of work performed by the Employees on the I-80 Project during the months of April and May of 2024 (d/e 1, Complaint, para. 41; d/e 10, Answer, para. 41).

20.    Mid Central Operating Engineers Health and Welfare Fund has adopted a Contributions Collection Policy, a copy of which is attached hereto as Exhibit "G" and fully incorporated herein and made a part hereof by this reference (d/e 1, Complaint, para. 42; d/e 10, Answer, para. 42).

21.    Under the Contributions Collection Policy, an employer is assessed liquidated damages equal to 15% of the unpaid welfare and pension contributions (d/e 1, Complaint, para. 43; d/e 10, Answer, para. 43).

22.    Under the Contributions Collection Policy, an employer is assessed interest on unpaid welfare and pension contributions at a rate of 9% per annum, which accrues from the date the welfare and pension contributions are due until the welfare contributions are paid (d/e 1, Complaint, para. 47; d/e 10, Answer, para. 47).

23.     Pursuant to the Contributions Collection Policy, Tyro Construction has been assessed interest on the unpaid welfare and pension contributions at a rate of 9% per annum (d/e 1, Complaint, para. 48; d/e 10, Answer, para. 48).

24.     Interest owed by Tyro Construction on unpaid welfare and pension contributions continues to accrue at a rate of 9% per annum (d/e 1, Complaint, para. 50; d/e 10, Answer, para. 50).

25.     Pursuant to the Trust Agreements and under ERISA, Tyro Construction is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Mid Central Operating Engineers Health and Welfare Fund and the other plaintiffs in the collection of delinquent contributions (d/e 1, Complaint, para. 52; d/e 10, Answer, para. 52).

### Admissions based upon Requests for Admissions

26.     All facts contained in the Requests for Admissions, a copy of which is attached hereto as Exhibit "1", and fully incorporated herein by this reference, including those not separately enumerated in this Statement of Undisputed Material Facts, are deemed admitted and conclusively established pursuant to Federal Rule of Civil Procedure 36(a)(3), based upon defendant's failure to answer or object to Plaintiffs' Requests for Admissions, and are incorporated herein as undisputed facts and may be relied upon in full support and for purposes of this Motion.

27.     That IL 180 Bridge Preservation Project is in the Geographical Jurisdiction of the Funds (Exhibit "1", Request for Admission of Facts, Interrogatories and Request to Produce Documents ("Request for Admission of Facts"), page 4, para. 1).

28.    That 312.50 hours of Covered Work were performed by employees of the Defendant on the IL 180 Bridge Preservation Project between April 1, 2024 and March 31, 2025 (Exhibit "1", Request for Admission of Facts, page 4, para. 2).

29.    That, pursuant to the Collective Bargaining Agreement, the total contribution rate was $40.65 per hour of Covered Work for the period of April 1, 2024 through March 31, 2025 (Exhibit "1", Request for Admission of Facts, page 4, para. 3).

30.    That, pursuant to the Collective Bargaining Agreement, total contributions of $12,703.13 are owed to the Funds for 312.50 hours of Covered Work performed by employees of the Defendant on the IL 180 Bridge Preservation Project between April 1, 2024 and March 31, 2025 (Exhibit "1", Request for Admission of Facts, page 4, para. 4).

31.    That contributions owed to the Funds for Covered Work performed during April 2024 on the IL 180 Bridge Preservation Project were required to be paid to the Funds no later than May 15, 2024 (Exhibit "1", Request for Admission of Facts, page 4, para. 5).

32.    That contributions owed to the Funds for Covered Work performed during May 2024 on the IL 180 Bridge Preservation Project were required to be paid to the Funds no later than June 15, 2024 (Exhibit "1", Request for Admission of Facts, page 5, para. 6).

33.    That Defendant has not paid the contributions owed to the Funds for Covered Work performed in April of 2024 on the IL 180 Bridge Preservation Project (Exhibit "1", Request for Admission of Facts, page 5, para. 7).

34.    That Defendant has not paid the contributions owed to the Funds for Covered Work performed in May of 2024 on the IL 180 Bridge Preservation Project (Exhibit "1", Request for Admission of Facts, page 5, para. 8).

## ARGUMENT

### I.      Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Hedburg v. Indiana Bell Telephone Co., Inc.*, 47 F. 3d 928 (7th Cir. 1995).  The moving party bears the initial burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Becker v. Tenenbaum-Hill Associates, Inc.*, 914 F.2d 107, 110 (7th Cir. 1990).  An issue of fact is genuine only if the evidence is such that a reasonable trier of fact could return a verdict for the non-moving party.  *Smith v. Severn*, 129 F. 3d 419, 426 (7th Cir. 1997).

### II.      Plaintiffs are Third-Party Beneficiaries of Collective Bargaining Agreement

Employee benefit trust funds, like the plaintiffs in the instant action, stand in the position of a third party beneficiary to a collective bargaining agreement, with the ability to enforce the agreement in their own right.  *Central States v. Gerber Truck Service, Inc.*, 870 F. 2d 1148 (7th Cir. 1989).

### III.      Facts Deemed Admitted

Rule 36(a) of the Federal Rules of Civil Procedure provides, in pertinent part,

(a)      Scope and Procedure.

(1)      Scope.

A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

      (A)     facts, the application of law to fact, or opinions about either; and

      (B)     the genuineness of any described documents.

(2)     Form; Copy of a Document.

Each matter must be separately stated. A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying.

(3)     Time to Respond; Effect of Not Responding.

A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

*Fed.R.Civ.P. 36(a)*.

On September 2, 2025, plaintiffs served defendant with Plaintiffs' Request for the Admission of Facts, Interrogatories and Request to Produce Documents as well as Plaintiffs Request for Genuineness of Documents, Interrogatories and Request to Produce Documents (collectively the "Requests for Admissions") (d/e 13, Certificate of Service). The Requests for Admissions were mailed by certified mail on September 2, 2025, and received by defendant's legal counsel on September 9, 2025 (Exhibit "3", p. 4, para. 8(e)). More than 30 days have passed since plaintiffs served defendant with Plaintiffs' Requests for Admissions. As of the filing date of plaintiffs' Motion for Summary Judgment, defendant has not answered, objected or otherwise responded to Plaintiffs' Requests for Admissions. Further, the parties have not stipulated to, nor has the court ordered, a longer time for responding to plaintiffs' Requests for

Admissions.  As a result, the facts and genuineness of documents sought to be admitted in Plaintiffs' Requests for Admissions are deemed admitted.

Admissions under Rule 36 of the Federal Rules of Civil Procedure can serve as the factual predicate for summary judgment, even when the admissions are by default.  *United States of America v. Kasuboski*, 834 F. 2d 1345 (7th Cir. 1987).  Rule 36(b) of the Federal Rules of Civil Procedure provide, in pertinent part,

> (b)    Effect of an Admission; Withdrawing or Amending It.
>
> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.

In the present case, no motion has been filed requesting that the admissions be withdrawn or amended, and the Court has not otherwise ordered that the admissions be withdrawn or amended. As a result, the matters admitted due to defendant's failure to respond to Plaintiffs' Requests for Admissions are conclusively established.

## IV.    <u>Delinquent Contributions</u>

The plaintiffs include a group of employee benefit funds that are each administered pursuant to the terms and provisions of certain agreements and declarations of trust, as amended and restated (the "Trust Agreements"), and maintained in accordance with the provisions of ERISA and the LMRA (d/e 1, Plaintiffs' Complaint, para. 15; d/e 10, Defendant's Answer, para. 15).  The employee benefit funds provides health, welfare, and other benefits to employees of various employers who pay contributions to the employee benefit funds on behalf of the employees pursuant to collective bargaining agreements between the employers and/or their employer associations and local labor organizations (Affidavit of Jackie Ellinger, attached hereto as Exhibit "2", and fully incorporated herein by this reference, page 2, para. 3 ("Ellinger

Affidavit"). The Mid Central Fund acts as a collection agent and point of receipt for the other named plaintiffs and is authorized to collect contributions and other amounts owed to them under applicable collective bargaining agreements (d/e 1, Plaintiffs' Complaint, para. 18; d/e 23, Defendant's Answer, para. 23; Ellinger Affidavit, page 2, para. 4).

Defendant is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14) (d/e 1, Plaintiffs' Complaint, para. 17; d/e 10, Defendant's Answer, para. 17). The defendant is a party to or otherwise bound by a collective bargaining agreement between titled Articles of Agreement Highway & Heavy between The Associated General Contractors of Illinois and International Union of Operating Engineers Local No. 649, and effective April 1, 202 through March 31, 2025 (the "Collective Bargaining Agreement") (d/e 1, Plaintiffs' Complaint, para. 18; d/e 10, Defendant's Answer, para. 18). Under the Collective Bargaining Agreement, the defendant is required to pay contributions to plaintiffs for hours of covered work performed by its employees each month (d/e 1, Plaintiffs' Complaint, paras. 22, 32; d/e 10, Defendant's Answer, paras. 22, 32). Pursuant to §1145 of ERISA, the defendant is also required to pay contributions to plaintiffs in accordance with the terms and conditions of the Trust Agreements. *See* 29 U.S.C. §1145 (d/e 1, Plaintiffs' Complaint, para. 24; d/e 10, Defendant's Answer, para. 24).

The defendant is further required to prepare and submit monthly contribution reporting forms to the Mid Central Operating Engineers Health and Welfare Fund, providing information needed in order to accurately assess the contributions and other amounts due and payable to the Mid Central Operating Engineers Health and Welfare Fund and the other plaintiffs ("Monthly Reports") (d/e 1, Plaintiffs' Complaint, para. 25; d/e 10, Defendant's Answer, para. 25). The completed Monthly Reports, together with the appropriate payment of contributions owed, must

be sent to Mid Central Operating Engineers Health and Welfare Fund and the other plaintiffs, on or before the 15th day of the calendar month following the month in which the contributions and other amounts accrued (d/e 1, Plaintiffs' Complaint, para. 26; d/e 10, Defendant's Answer, para. 26). Any monthly reports and contributions not received by the 15th day of the month following the month in which the hours were worked are delinquent (Ellinger Affidavit, p. 3, para. 9).

The defendant performed construction work involving Illinois interstate I-80 in Knox County, Illinois (the "I-80 Project"), during the months of April and May of 2024, which was covered work under the Collective Bargaining Agreement and gave rise to an obligation to pay contributions to Mid Central Operating Engineers Health and Welfare Fund and the other plaintiffs for each hour of work performed by its employees (d/e 1, Plaintiffs' Complaint, para. 29; d/e 10, Defendant's Answer, para. 29). Under the Collective Bargaining Agreement, defendant owes contributions for each hour of work performed by its employees who perform work covered by the Collective Bargaining Agreement (d/e 1, Plaintiffs' Complaint, para. 32; d/e 10, Defendant's Answer, para. 32). The work performed on the I-80 project was in the geographical jurisdiction of the Funds and covered work under the Collective Bargaining Agreement (Exhibit "1", page 4, paras. 1, 2; d/e 1, Complaint, para. 29; d/e 10, Answer, para. 29).

Based upon the payroll information received by the Funds, the Mid Central Fund calculated that the defendant's employees performed 312.50 hours of covered work during the months of April and May of 2024 on the I-80 Project (Exhibit "1", page 4, para. 2; Ellinger Affidavit, p. 4, para. 21). Under the collective bargaining agreement, the total contribution rate for each hour of covered work on the I-80 Project was $40.65, consisting of the following components: Welfare Fund ($12.60), Pension Fund ($14.45), 649 Apprenticeship Fund ($1.80),

Annuity ($9.70), Upgrade Fund ($1.80), Industry Advancement Fund ($0.20), and District IAA Fund ($0.10) (d/e 1, Complaint, para. 36; d/e 10, Answer, para. 36; Exhibit "1", page 4, para. 3). In total, the defendant owes $12,703.13 in contributions to the plaintiffs for 312.50 hours of covered work performed on the I-80 Project during April and May 2024, calculated at the contractual contribution rate of $40.65 per hour (Exhibit "1", page 4, para. 4). Of this amount, $3,937.50 were welfare contributions, calculated at the contractual contribution rate of $12.60 per hour, and $4,515.63 were pension contributions, calculated at the contractual contribution rate of $14.45 per hour (Ellinger Affidavit, p. 5, para. 25).

The defendant is entitled to a credit of $8,851.56 for a payment recovered from Path Construction Company, Inc., the general contractor who retained Tyro Construction as a subcontractor to perform work during the months of April and May of 2024, under a separate state court bond claim action that was filed after the pending federal court case we filed (Ellinger Affidavit, p. 5, para. 25).

## V.    <u>Liquidated Damages and Interest</u>

Defendant's failure to respond to the Requests for Admissions results in each matter set forth therein being deemed admitted under Rule 36(a) of the Federal Rules of Civil Procedure. The deemed admissions include material facts and documentary evidence establishing Defendant's failure to report and remit required contributions, and the amount of contributions owed to Plaintiffs. Together with the admissions in Defendant's Answer, the affidavits submitted by plaintiffs, and the undisputed documentary evidence, there exist no genuine issues of material fact concerning Defendant's failure to timely report and pay contributions to the plaintiffs. Pursuant to the trust agreements of the plaintiffs, and the plaintiffs internal policies and procedures, including the Contributions Collection Policy, defendant owe liquidated damages

and interest to the plaintiffs for contributions that are not paid when due (Ellinger Affidavit, p. 3, paras. 11, 12; d/e 1, d/e 1, Complaint, Exhibit A, p. 14, Section 6.1(n); d/e 1, Complaint, Exhibit B, p. 10, Article IV, Sections 6 and 7; d/e 1, Exhibit C, p. 10, Article III; d/e 1, Exhibit D, p. 12, Article IV, Section 4.5).

Plaintiffs are also entitled to an award of liquidated damages and interest against defendant under ERISA. Every employer obligated under a collective bargaining agreement to make fringe benefit contributions to employee benefit plans is required under Section 515 of ERISA to make those fringe benefit contributions in accordance with the terms of such agreement. 29 U.S.C. §1145. The failure to do so subjects an employer to the provisions of Section 502(g)(2) of ERISA. (29 U.S.C. §1132(g)(2)). Pursuant to section 502(g)(2) of ERISA, if judgment is entered in favor of plaintiffs in this case, then the court must award plaintiff the liquidated damages and interest. The award of liquidated damages and interest under section 502(g)(2) or ERISA is mandatory. *Laborers Health and Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co., Inc.*, 484 U.S. 539, 547 (1988).

The defendant employed individuals who performed covered work under the collective bargaining agreement during the months of April and May of 2024 (d/e 1, Plaintiffs' Complaint, para. 29; d/e 10, Defendant's Answer, para. 29; Ellinger Affidavit, p. 4, para. 18). Defendant was required but failed to report and pay contributions for these hours of work by the 15th day of the month following the month in which the hours were worked by the employees (d/e 1, Plaintiffs' Complaint, para. 39; d/e 10, Defendant's Answer, para. 39; Ellinger Affidavit, p. 4, para. 20). As a result, the defendant's contributions are delinquent. Pursuant to the Contributions Collection Policy, Tyro Construction was assessed and owes liquidated damages for unpaid welfare and pension contributions equal to 15% of these unpaid contributions.

Defendant failed to pay and owes welfare contributions in the amount of $3,937.50 and pension contributions in the amount of $4,515.63 (d/e 1, Plaintiffs' Complaint, para. 43; d/e 10, Defendant's Answer, para. 43; Ellinger Affidavit, p. 5, para. 24).  Mid Central Operating Engineers Health and Welfare Fund has calculated that Tyro Construction owes liquidated damages of $1,267.97 by multiplying the unpaid welfare and pension contributions, which total $8,453.13, by 15% (Ellinger Affidavit, p. 5, para. 26).

Pursuant to the Contributions Collection Policy, Tyro Construction was assessed interest on the unpaid welfare and pension contributions at a rate of 9% per annum (d/e 1, Plaintiffs' Complaint, para. 47; d/e 10, Defendant's Answer, para. 47; Ellinger Affidavit, p. 5, para. 27). Mid Central Operating Engineers Health and Welfare Fund has calculated that Tyro Construction currently owes interest of $781.63, by multiplying the unpaid welfare and pension contributions, which total $8,453.13, by 9%, then dividing the resulting number by 365 to get a per day charge, and then by multiplying this per day charge by 375 days late, which was determined by counting the days from June 1, 2024 through June 11, 2025 (Ellinger Affidavit, p. 5, para. 28).  Interest owed by Tyro Construction on unpaid welfare and pension contributions continues to accrue at a rate of 9% per annum (d/e 1, Plaintiffs' Complaint, para. 50; d/e 10, Defendant's Answer, para. 50); Ellinger Affidavit, p. 5, para. 29).  Mid Central Operating Engineers Health and Welfare Fund has calculated that Tyro Construction currently owes additional interest after June 11, 2025 of $360.59, by multiplying the unpaid welfare and pension contributions, which total $8,453.13, by 9%, then dividing the resulting number by 365 to get a per day charge, and then by multiplying this per day charge by 173 days late, which was determined by counting the days from June 12, 2025 through December 1, 2025 (Ellinger Affidavit, p. 6, para. 30).

VI.    **Attorney's Fees and Costs**

Pursuant to the trust agreements and the applicable provisions of ERISA, the defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the Funds in the collection of delinquent contributions.   Under the trust agreements of the plaintiffs, the plaintiffs are entitled to recover attorneys' fees incurred in with the collection of delinquent contributions (d/e 1, Exhibit A, p. 14, Section 6.1(n); Exhibit B, p. 10, Article IV, Section 8; Exhibit C, p. 10, Article III; Exhibit D, p. 12, Article IV, Section 4.5).  Further, under Section 515 of ERISA, every employer obligated under a collective bargaining agreement to pay fringe benefit contributions to employee benefit plans, is required to pay the fringe benefit contributions in accordance with the terms of such agreement.  29 U.S.C. §1145.  The failure to do so subjects an employer to the provisions of Section 502(g)(2) of ERISA and entitles employee benefit plan to recover attorneys' fees and costs.  (29 U.S.C. §1132(g)(2)).  The award of attorneys' fees and costs under section 502(g)(2) or ERISA is mandatory.  *Laborers Health and Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co., Inc.*, 484 U.S. 539, 547 (1988).  If judgment is entered in favor of plaintiff in this case, then this Court must award plaintiff its reasonable attorneys' fees and costs.

The defendant's failure to report hours worked by its employees and remit the required contributions to the Funds directly and foreseeably caused the Funds to incur substantial legal fees and costs.  These expenses were necessitated by the defendant's repeated noncompliance with its contractual and statutory obligations and the resulting need to protect the rights and benefits of the Funds' participants and beneficiaries. Had the defendant complied promptly with its obligations under the collective bargaining agreement and trust documents, the extensive resources expended in this matter would have been unnecessary.  Prior to and after litigation commenced, the defendant engaged in a pattern of conduct that delayed resolution of the case

and substantially increased the attorney time required (Affidavit in Support of Attorney's Fees, attached hereto as Exhibit "3", and fully incorporated herein by this reference, page 2, para. 8; Ellinger Affidavit, page 7, para. 34).

For example, the defendant ignored written payment demands, forcing the Funds to initiate federal litigation and pursue a bond claim and related state-court action to protect plan assets. The defendant then failed to initially defend in federal court and was found in default. The plaintiffs later were required to file an Amended Complaint to reflect additional contributions that were determined to be owed based upon the employer's pay records after the original Complaint was filed. This action would not have been required if defendant had properly reported and paid contributions. Only after the filing of an Amended Complaint, did the defendant file an Answer. In that Answer, the Defendant admitted nearly all material allegations, including that it failed to pay contributions owed to the plaintiffs and breached the provisions of the collective bargaining agreement, while denying the stated amount of contributions claimed to be owed, despite those amounts being based upon its own payroll records. The defendant then failed to respond to discovery or Requests for Admissions. The failure to respond to the Requests for Admissions resulted in all such matters being deemed admitted, which included the same allegations of the amounts owed in the amended complaint that the defendant disputed in its Answer. Finally, the defendant declined multiple opportunities to stipulate to judgment, which would have resulted in a more cost efficient resolution to this matter (Exhibit "3", page 2, para. 8).

The defendant has taken only minimal actions in response to this action, which ultimately are insufficient to meaningfully defend the claims asserted, but enough to cause delay, complicate the proceedings, and significantly increase the fees and costs incurred by the

plaintiffs.  In total, the plaintiffs incurred attorneys' fees and costs in the sum of $25,096.71 (Exhibit "3", page 5, para. 9).  The attorneys' fees and costs are reasonable and were necessary to enforce the plaintiffs' contractual and statutory rights (Ellinger Affidavit, page. 7, para. 35). Each phase of legal work undertaken was tailored to the complexity and evolving nature of the matter and aligned with the plaintiffs' fiduciary duty to pursue all reasonable means of recovery of contributions (Exhibit "3", page 17, para. 12).  The fees and costs reflect the time, expertise, and resources reasonably required to address the defendant's noncompliance and to prosecute this matter diligently, and they are consistent with prevailing market rates for comparable employee-benefits and ERISA-enforcement work in this District (Exhibit "3", page 16, para. 11). Accordingly, the total attorneys' fees and costs incurred are fair, reasonable, and appropriate under the circumstances.

## VII.  <u>Sums Due</u>

Based upon the undisputed material facts in this matter, the defendant owes plaintiffs after all just credits the total amount of $31,212.55 as itemized below:

| | |
|---|---|
| Contributions: | $12,703.12 |
| Liquidated Damages (Unpaid Contribution): | $ 1,267.97 |
| Interest (Unpaid Contributions): | $   648.23 |
| Interest (Unpaid Contributions): | $   348.08 |
| Attorneys' Fees and Costs: | $25,096.71 |
| Credit: | ($ 8,851.56) |
| | ------------- |
| | $31,212.55 |

## IV.  <u>CONCLUSION</u>

The undisputed material facts establish that defendant failed to remit the required contributions owed to plaintiffs under the collective bargaining agreement for hours of covered work performed by its employees in April and May 2024 on the I-80 Project. This failure constitutes a breach of the collective bargaining agreement. As a result, Defendant is liable for

the delinquent contributions owed to plaintiffs, as well as liquidated damages, interest, and reasonable attorneys' fees and costs. For the reasons stated above, plaintiffs are entitled to entry of Summary Judgment in their favor and against defendant, in the amount of $31,212.55.

MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND *et al*., plaintiffs,

By:___s/ John P. Leahy_____
      JOHN P. LEAHY
      CAVANAGH & O'HARA LLP
      Attorneys for Plaintiffs
      2319 West Jefferson Street
      Springfield, IL 62702
      (217) 544-1771 – Telephone
      (217) 544-9894 – Facsimile
      johnleahy@cavanagh-ohara.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2025, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Todd A. Miller
tam@alloccomiller.com

Kathleen Cahill
kmc@alloccomiller.com

      Respectfully submitted:

By:_____s/ John P. Leahy_____
      JOHN P. LEAHY
      CAVANAGH & O'HARA LLP
      Attorneys for Plaintiffs
      2319 W. Jefferson Street
      Springfield, IL 62701
      (217) 544-1771 – Telephone
      (217) 544-9894 – Facsimile
      johnleahy@cavanagh-ohara.com