E-FILED
Thursday, 18 December, 2025  02:59:14 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, LOCAL 649, OPERATING ENGINEERS APPRENTICESHIP TRUST FUND, OPERATING ENGINEERS LOCAL 649 ANNUITY TRUST, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS INDUSTRY ADVANCEMENT FUND, DOWNSTATE INFRASTRUCTURE AWARENESS AND ADVANCEMENT FUND, and UPGRADE FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No.    24-cv-1309 |
| TYRO CONSTRUCTION, INC. | ) ) ) | |
| Defendant. | ) | |

## REQUEST FOR ADMISSION OF FACTS, INTERROGATORIES AND REQUEST TO PRODUCE DOCUMENTS

Plaintiffs, MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND *et al.*, by their attorneys, CAVANAGH & O'HARA LLP, pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby request that Defendant, TYRO CONSTRUCTION, INC., admit or deny the following requests for the admission of facts, under oath and within thirty (30) days of service hereof:

**PLEASE TAKE NOTICE** that pursuant to Rule 36 of the Federal Rules of Civil Procedure, each matter set forth in the following Requests for Admission of Facts will be deemed admitted unless, within thirty (30) days after service of these requests, the party to whom they are

directed serves upon the undersigned counsel a written answer or objection, signed by the party or its attorney.

## **INSTRUCTIONS**

1.      Each matter is admitted unless, within 30 days after service of Plaintiffs' Request for Admission of Facts, Defendant serves on Plaintiffs a written answer or objection addressed to the matter that is signed by Defendant or its attorney.

2.      If a matter is not admitted, Defendant's answer must specifically deny it or state in detail why Defendant cannot truthfully admit or deny it.

3.      A denial must fairly respond to the substance of the matter; and when good faith requires that Defendant qualify an answer or deny only a part of a matter, Defendant must specify the part admitted and qualify or deny the rest.

4.      Defendant may not assert lack of knowledge or information as a reason for failing to admit or deny unless Defendant states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Defendant to admit or deny.

5.      If Defendant objects to a request, the grounds for objecting to a request must be stated.  Defendant may not object solely on the ground that the request presents a genuine issue for trial.

6.      If Defendant denies any of the foregoing requests for admission of facts, in whole or in part, Defendant shall:

      (a)      state with particularity the specific factual basis for each denial;

      (b)      produce to Plaintiffs all documents supporting each such denial or otherwise concerning the requested admission of facts in its possession, custody or control; and

      (c)      identify each and every person with knowledge of the requested admission

of facts.

7.     These requests for admission of facts shall be deemed to be continuing until during the course of trial. Information sought by these requests and that you obtain after you serve your responses must be disclosed to the Plaintiffs' counsel by supplementary responses prior to any hearing in or trial of this action.

## DEFINITIONS

8.     As used herein, "Defendant" shall mean TYRO CONSTRUCTION, INC., and shall include their past and present agents, employees, officers, directors or any other persons or companies acting or purporting to act on their behalf.

9.     As used herein, "Plaintiffs" or the "Funds", shall mean MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, LOCAL 649, OPERATING ENGINEERS APPRENTICESHIP TRUST FUND, OPERATING ENGINEERS LOCAL 649 ANNUITY TRUST, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS INDUSTRY ADVANCEMENT FUND, DOWNSTATE INFRASTRUCTURE AWARENESS AND ADVANCEMENT FUND, and UPGRADE FUND.

10.     As used herein, "Local Union" shall mean International Union of Operating Engineers Local Union 649, AFL-CIO.

11.     As used herein, "Collective Bargaining Agreement" shall means "Articles of Agreement Highway & Heavy between The Associated General Contractors of Illinois and International Union of Operating Engineers Local No. 649, and effective April 1, 202 through March 31, 2025, a copy of which is attached hereto as Exhibit "1".

12.     As used herein, "Covered Work" shall mean all work, labor, or services falling within the scope of the Collective Bargaining Agreement that requires the payment of contributions to the Funds.

13.     As used herein, "Geographical Jurisdiction of the Funds" shall mean the territorial jurisdiction described in the Collective Bargaining Agreement within which Covered Work is performed.

14.     As used herein, "IL 180 Bridge Preservation Project" shall mean the Illinois Department of Transportation project for the construction and improvement of bridge structures on IL 180 in Knox County, Illinois, performed under Contract No. 68G91, in which Defendant furnished labor, materials, and services as a subcontractor to Path Construction Company, Inc.

## REQUEST FOR ADMISSIONS OF FACT

1.     Admit that IL 180 Bridge Preservation Project is in the Geographical Jurisdiction of the Funds.

2.     Admit that 312.50 hours of Covered Work were performed by employees of the Defendant on the IL 180 Bridge Preservation Project between April 1, 2024 and March 31, 2025.

3.     Admit that, pursuant to the Collective Bargaining Agreement, the total contribution rate was $40.65 per hour of Covered Work for the period of April 1, 2024 through March 31, 2025.

4.     Admit that, pursuant to the Collective Bargaining Agreement, total contributions of $12,703.13 are owed to the Funds for 312.50 hours of Covered Work performed by employees of the Defendant on the IL 180 Bridge Preservation Project between April 1, 2024 and March 31, 2025.

5.     Admit that contributions owed to the Funds for Covered Work performed during

April 2024 on the IL 180 Bridge Preservation Project were required to be paid to the Funds no later than May 15, 2024.

6.      Admit that contributions owed to the Funds for Covered Work performed during May 2024 on the IL 180 Bridge Preservation Project were required to be paid to the Funds no later than June 15, 2024.

7.      Admit that Defendant has not paid the contributions owed to the Funds for Covered Work performed in April of 2024 on the IL 180 Bridge Preservation Project.

8.      Admit that Defendant has not paid the contributions owed to the Funds for Covered Work performed in May of 2024 on the IL 180 Bridge Preservation Project.

Requests for Admission Relating to Emily Emerick's Employment

9.      Admit that Defendant employed Emily Emerick during the 2024 calendar year.

10.     Admit that Emily Emerick was referred and supplied to Defendant by the Local Union pursuant to the Collective Bargaining Agreement for the purpose of performing labor for Defendant.

11.     Admit that all hours of work, labor, or services performed by Emily Emerick for the Defendant were performed on the IL 180 Bridge Preservation Project.

12.     Admit that all hours of work, labor, or services performed by Emily Emerick for the Defendant were Covered Work.

13.     Admit that Defendant employed Emily Emerick during the period of May 5, 2024 through May 11, 2024.

14.     Admit that Emily Emerick performed 8.00 hours of regular work for the Defendant during the period of May 5, 2024 through May 11, 2024.

15.     Admit that Emily Emerick performed 7.50 hours of overtime work for the

Defendant during the period of May 5, 2024 through May 11, 2024.

16.    Admit that Defendant issued a paycheck to Emily Emerick for the pay period of May 5, 2024 through May 11, 2024, reflecting 8.00 hours of regular work and 7.50 hours of overtime work.

17.    Admit that Defendant issued a paycheck to Emily Emerick for the pay period of May 5, 2024 through May 11, 2024, reflecting gross pay of $898.40 for 8.00 hours of regular work and 7.50 hours of overtime work.

18.    Admit that the hours of work reflected in the paycheck issued to Emily Emerick for the pay period of May 5, 2024 through May 11, 2024, were actually worked by Emily Emerick.

19.    Admit that the wages reflected in the paycheck issued to Emily Emerick for the pay period of May 5, 2024 through May 11, 2024, were actually paid to Emily Emerick.

20.    Admit that the Defendant did not report to the Funds the 8.00 hours of regular work and the 7.50 hours of overtime work reflected on the paycheck to Emily Emerick for the pay period of May 5, 2024 through May 11, 2024.

21.    Admit that Defendant owed contributions to the Funds for the 8.00 hours of regular work and the 7.50 hours of overtime work reflected on the paycheck to Emily Emerick for the pay period of May 5, 2024 through May 11, 2024.

22.    Admit that Defendant did not pay contributions to the Funds for the 8.00 hours of regular work and the 7.50 hours of overtime work reflected on the paycheck to Emily Emerick for the pay period of May 5, 2024 through May 11, 2024.

23.    Admit that Defendant owed contributions to the Funds in the amount of $630.08 for the 8.00 hours of regular work and the 7.50 hours of overtime work reflected on the paycheck to Emily Emerick for the pay period of May 5, 2024 through May 11, 2024.

24.     Admit that the Defendant did not make payment of contributions to the Funds in the amount of $630.08 for the 8.00 hours of regular work and the 7.50 hours of overtime work reflected on the paycheck to Emily Emerick for the pay period of May 5, 2024 through May 11, 2024.

Requests for Admission Relating to Lester Atwood's Employment

25.     Admit that Defendant employed Lester Atwood during the 2024 calendar year.

26.     Admit that Lester Atwood was referred and supplied to Defendant by the Local Union pursuant to the Collective Bargaining Agreement for the purpose of performing labor for Defendant.

27.     Admit that all hours of work, labor, or services performed by Lester Atwood for the Defendant were performed on the IL 180 Bridge Preservation Project.

28.     Admit that all hours of work, labor, or services performed by Lester Atwood for the Defendant were Covered Work.

29.     Admit that Defendant employed Lester Atwood during the period of May 5, 2024 through May 11, 2024.

30.     Admit that Lester Atwood performed 8.00 hours of regular work for the Defendant during the period of May 5, 2024 through May 11, 2024.

31.     Admit that Lester Atwood performed 7.50 hours of overtime work for the Defendant during the period of May 5, 2024 through May 11, 2024.

32.     Admit that Defendant issued a paycheck to Lester Atwood for the pay period of May 5, 2024 through May 11, 2024, reflecting 8.00 hours of regular work and 7.50 hours of overtime work.

33.     Admit that Defendant issued a paycheck to Lester Atwood for the pay period of

May 5, 2024 through May 11, 2024, reflecting gross pay of $898.40 for 8.00 hours of regular work and 7.50 hours of overtime work.

34.   Admit that the hours of work reflected in the paycheck issued to Lester Atwood for the pay period of May 5, 2024 through May 11, 2024, were actually worked by Lester Atwood.

35.   Admit that the wages reflected in the paycheck issued to Lester Atwood for the pay period of May 5, 2024 through May 11, 2024, were actually paid to Lester Atwood.

36.   Admit that the Defendant did not report to the Funds the 8.00 hours of regular work and the 7.50 hours of overtime work reflected on the paycheck to Lester Atwood for the pay period of May 5, 2024 through May 11, 2024.

37.   Admit that Defendant owed contributions to the Funds for the 8.00 hours of regular work and the 7.50 hours of overtime work reflected on the paycheck to Lester Atwood for the pay period of May 5, 2024 through May 11, 2024.

38.   Admit that Defendant did not pay contributions to the Funds for the 8.00 hours of regular work and the 7.50 hours of overtime work reflected on the paycheck to Lester Atwood for the pay period of May 5, 2024 through May 11, 2024.

39.   Admit that Defendant owed contributions to the Funds in the amount of $630.08 for the 8.00 hours of regular work and the 7.50 hours of overtime work reflected on the paycheck to Lester Atwood for the pay period of May 5, 2024 through May 11, 2024.

40.   Admit that the Defendant did not make payment of contributions to the Funds in the amount of $630.08 for the 8.00 hours of regular work and the 7.50 hours of overtime work reflected on the paycheck to Lester Atwood for the pay period of May 5, 2024 through May 11, 2024.

Requests for Admission Relating to George Cooper's Employment

41.    Admit that Defendant employed George Cooper during the 2024 calendar year.

42.    Admit that George Cooper was referred and supplied to Defendant by the Local Union pursuant to the Collective Bargaining Agreement for the purpose of performing labor for Defendant.

43.    Admit that all hours of work, labor, or services performed by George Cooper for the Defendant were performed on the IL 180 Bridge Preservation Project.

44.    Admit that all hours of work, labor, or services performed by George Cooper for the Defendant were Covered Work.

45.    Admit that Defendant employed George Cooper during the period of April 21, 2024 through April 27, 2024.

46.    Admit that George Cooper performed 24.00 hours of regular work for the Defendant during the period of April 21, 2024 through April 27, 2024.

47.    Admit that George Cooper performed 6.00 hours of overtime work for the Defendant during the period of April 21, 2024 through April 27, 2024.

48.    Admit that Defendant issued a paycheck to George Cooper for the pay period of April 21, 2024 through April 27, 2024, reflecting 24.00 hours of regular work and 6.00 hours of overtime work.

49.    Admit that Defendant issued a paycheck to George Cooper for the pay period of April 21, 2024 through April 27, 2024, reflecting gross pay of $1,540.11 for 24.00 hours of regular work and 6.00 hours of overtime work.

50.    Admit that the hours of work reflected in the paycheck issued to George Cooper for the pay period of April 21, 2024 through April 27, 2024, were actually worked by George Cooper.

51.    Admit that the wages reflected in the paycheck issued to George Cooper for the pay

period of April 21, 2024 through April 27, 2024, were actually paid to George Cooper.

52.    Admit that the Defendant did not report to the Funds the 24.00 hours of regular work and the 6.00 hours of overtime work reflected on the paycheck to George Cooper for the pay period of April 21, 2024 through April 27, 2024.

53.    Admit that Defendant owed contributions to the Funds for the 24.00 hours of regular work and the 6.00 hours of overtime work reflected on the paycheck to George Cooper for the pay period of April 21, 2024 through April 27, 2024.

54.    Admit that Defendant did not pay contributions to the Funds for the 24.00 hours of regular work and the 6.00 hours of overtime work reflected on the paycheck to George Cooper for the pay period of April 21, 2024 through April 27, 2024.

55.    Admit that Defendant owed contributions to the Funds in the amount of $1,219.50 for the 24.00 hours of regular work and the 6.00 hours of overtime work reflected on the paycheck to George Cooper for the pay period of April 21, 2024 through April 27, 2024.

56.    Admit that the Defendant did not make payment of contributions to the Funds in the amount of $1,219.50 for the 24.00 hours of regular work and the 6.00 hours of overtime work reflected on the paycheck to George Cooper for the pay period of April 21, 2024 through April 27, 2024.

57.    Admit that Defendant employed George Cooper during the period of April 28, 2024 through May 4, 2024.

58.    Admit that George Cooper performed 16.00 hours of regular work for the Defendant during the period of April 28, 2024 through May 4, 2024.

59.    Admit that George Cooper performed 3.50 hours of overtime work for the Defendant during the period of April 28, 2024 through May 4, 2024.

60.     Admit that Defendant issued a paycheck to George Cooper for the pay period of April 28, 2024 through May 4, 2024, reflecting 16.00 hours of regular work and 3.50 hours of overtime work.

61.     Admit that Defendant issued a paycheck to George Cooper for the pay period of April 28, 2024 through May 4, 2024, reflecting gross pay of $991.74 for 16.00 hours of regular work and 3.50 hours of overtime work.

62.     Admit that the hours of work reflected in the paycheck issued to George Cooper for the pay period of April 28, 2024 through May 4, 2024, were actually worked by George Cooper.

63.     Admit that the wages reflected in the paycheck issued to George Cooper for the pay period of April 28, 2024 through May 4, 2024, were actually paid to George Cooper.

64.     Admit that the Defendant did not report to the Funds the 16.00 hours of regular work and the 3.50 hours of overtime work reflected on the paycheck to George Cooper for the pay period of April 28, 2024 through May 4, 2024.

65.     Admit that Defendant owed contributions to the Funds for the 16.00 hours of regular work and the 3.50 hours of overtime work reflected on the paycheck to George Cooper for the pay period of April 28, 2024 through May 4, 2024.

66.     Admit that Defendant did not pay contributions to the Funds for the 16.00 hours of regular work and the 3.50 hours of overtime work reflected on the paycheck to George Cooper for the pay period of April 28, 2024 through May 4, 2024.

67.     Admit that Defendant owed contributions to the Funds in the amount of $792.67 for the 16.00 hours of regular work and the 3.50 hours of overtime work reflected on the paycheck to George Cooper for the pay period of April 28, 2024 through May 4, 2024.

68.     Admit that the Defendant did not make payment of contributions to the Funds in

the amount of $792.67 for the 16.00 hours of regular work and the 3.50 hours of overtime work reflected on the paycheck to George Cooper for the pay period of April 28, 2024 through May 4, 2024.

Requests for Admission Relating to John F. Keinatt's Employment

69.     Admit that Defendant employed John F. Keinatt during the 2024 calendar year.

70.     Admit that John F. Keinatt was referred and supplied to Defendant by the Local Union pursuant to the Collective Bargaining Agreement for the purpose of performing labor for Defendant.

71.     Admit that all hours of work, labor, or services performed by John F. Keinatt for the Defendant were performed on the IL 180 Bridge Preservation Project.

72.     Admit that all hours of work, labor, or services performed by John F. Keinatt for the Defendant were Covered Work.

73.     Admit that Defendant employed John F. Keinatt during the period of April 21, 2024 through April 27, 2024.

74.     Admit that John F. Keinatt performed 24.00 hours of regular work for the Defendant during the period of April 21, 2024 through April 27, 2024.

75.     Admit that John F. Keinatt performed 6.00 hours of overtime work for the Defendant during the period of April 21, 2024 through April 27, 2024.

76.     Admit that Defendant issued a paycheck to John F. Keinatt for the pay period of April 21, 2024 through April 27, 2024, reflecting 24.00 hours of regular work and 6.00 hours of overtime work.

77.     Admit that Defendant issued a paycheck to John F. Keinatt for the pay period of April 21, 2024 through April 27, 2024, reflecting gross pay of $1,540.11 for 24.00 hours of regular

work and 6.00 hours of overtime work.

78.    Admit that the hours of work reflected in the paycheck issued to John F. Keinatt for the pay period of April 21, 2024 through April 27, 2024, were actually worked by John F. Keinatt.

79.    Admit that the wages reflected in the paycheck issued to John F. Keinatt for the pay period of April 21, 2024 through April 27, 2024, were actually paid to John F. Keinatt.

80.    Admit that the Defendant did not report to the Funds the 24.00 hours of regular work and the 6.00 hours of overtime work reflected on the paycheck to John F. Keinatt for the pay period of April 21, 2024 through April 27, 2024.

81.    Admit that Defendant owed contributions to the Funds for the 24.00 hours of regular work and the 6.00 hours of overtime work reflected on the paycheck to John F. Keinatt for the pay period of April 21, 2024 through April 27, 2024.

82.    Admit that Defendant did not pay contributions to the Funds for the 24.00 hours of regular work and the 6.00 hours of overtime work reflected on the paycheck to John F. Keinatt for the pay period of April 21, 2024 through April 27, 2024.

83.    Admit that Defendant owed contributions to the Funds in the amount of $1,219.50 for the 24.00 hours of regular work and the 6.00 hours of overtime work reflected on the paycheck to John F. Keinatt for the pay period of April 21, 2024 through April 27, 2024.

84.    Admit that the Defendant did not make payment of contributions to the Funds in the amount of $1,219.50 for the 24.00 hours of regular work and the 6.00 hours of overtime work reflected on the paycheck to John F. Keinatt for the pay period of April 21, 2024 through April 27, 2024.

85.    Admit that Defendant employed John F. Keinatt during the period of April 28, 2024 through May 4, 2024.

86.    Admit that John F. Keinatt performed 40.00 hours of regular work for the Defendant during the period of April 28, 2024 through May 4, 2024.

87.    Admit that John F. Keinatt performed 13.00 hours of overtime work for the Defendant during the period of April 28, 2024 through May 4, 2024.

88.    Admit that Defendant issued a paycheck to John F. Keinatt for the pay period of April 28, 2024 through May 4, 2024, reflecting 40.00 hours of regular work and 13.00 hours of overtime work.

89.    Admit that Defendant issued a paycheck to John F. Keinatt for the pay period of April 28, 2024 through May 4, 2024, reflecting gross pay of $2,776.87 for 40.00 hours of regular work and 13.00 hours of overtime work.

90.    Admit that the hours of work reflected in the paycheck issued to John F. Keinatt for the pay period of April 28, 2024 through May 4, 2024, were actually worked by John F. Keinatt.

91.    Admit that the wages reflected in the paycheck issued to John F. Keinatt for the pay period of April 28, 2024 through May 4, 2024, were actually paid to John F. Keinatt.

92.    Admit that the Defendant did not report to the Funds the 40.00 hours of regular work and the 13.00 hours of overtime work reflected on the paycheck to John F. Keinatt for the pay period of April 28, 2024 through May 4, 2024.

93.    Admit that Defendant owed contributions to the Funds for the 40.00 hours of regular work and the 13.00 hours of overtime work reflected on the paycheck to John F. Keinatt for the pay period of April 28, 2024 through May 4, 2024.

94.    Admit that Defendant did not pay contributions to the Funds for the 40.00 hours of regular work and the 13.00 hours of overtime work reflected on the paycheck to John F. Keinatt for the pay period of April 28, 2024 through May 4, 2024.

95.    Admit that Defendant owed contributions to the Funds in the amount of $2,154.45 for the 40.00 hours of regular work and the 13.00 hours of overtime work reflected on the paycheck to John F. Keinatt for the pay period of April 28, 2024 through May 4, 2024.

96.    Admit that the Defendant did not make payment of contributions to the Funds in the amount of $2,154.45 for the 40.00 hours of regular work and the 13.00 hours of overtime work reflected on the paycheck to John F. Keinatt for the pay period of April 28, 2024 through May 4, 2024.

Requests for Admission Relating to Anthony A. Pearson's Employment

97.    Admit that Defendant employed Anthony A. Pearson during the 2024 calendar year.

98.    Admit that Anthony A. Pearson was referred and supplied to Defendant by the Local Union pursuant to the Collective Bargaining Agreement for the purpose of performing labor for Defendant.

99.    Admit that all hours of work, labor, or services performed by Anthony A. Pearson for the Defendant were performed on the IL 180 Bridge Preservation Project.

100.    Admit that all hours of work, labor, or services performed by Anthony A. Pearson for the Defendant were Covered Work.

101.    Admit that Defendant employed Anthony A. Pearson during the period of April 21, 2024 through April 27, 2024.

102.    Admit that Anthony A. Pearson performed 24.00 hours of regular work for the Defendant during the period of April 21, 2024 through April 27, 2024.

103.    Admit that Anthony A. Pearson performed 6.00 hours of overtime work for the Defendant during the period of April 21, 2024 through April 27, 2024.

104.    Admit that Defendant issued a paycheck to Anthony A. Pearson for the pay period of April 21, 2024 through April 27, 2024, reflecting 24.00 hours of regular work and 6.00 hours of overtime work.

105.    Admit that Defendant issued a paycheck to Anthony A. Pearson for the pay period of April 21, 2024 through April 27, 2024, reflecting gross pay of $1,540.11 for 24.00 hours of regular work and 6.00 hours of overtime work.

106.    Admit that the hours of work reflected in the paycheck issued to Anthony A. Pearson for the pay period of April 21, 2024 through April 27, 2024, were actually worked by Anthony A. Pearson.

107.    Admit that the wages reflected in the paycheck issued to Anthony A. Pearson for the pay period of April 21, 2024 through April 27, 2024, were actually paid to Anthony A. Pearson.

108.    Admit that the Defendant did not report to the Funds the 24.00 hours of regular work and the 6.00 hours of overtime work reflected on the paycheck to Anthony A. Pearson for the pay period of April 21, 2024 through April 27, 2024.

109.    Admit that Defendant owed contributions to the Funds for the 24.00 hours of regular work and the 6.00 hours of overtime work reflected on the paycheck to Anthony A. Pearson for the pay period of April 21, 2024 through April 27, 2024.

110.    Admit that Defendant did not pay contributions to the Funds for the 24.00 hours of regular work and the 6.00 hours of overtime work reflected on the paycheck to Anthony A. Pearson for the pay period of April 21, 2024 through April 27, 2024.

111.    Admit that Defendant owed contributions to the Funds in the amount of $1,219.50 for the 24.00 hours of regular work and the 6.00 hours of overtime work reflected on the paycheck to Anthony A. Pearson for the pay period of April 21, 2024 through April 27, 2024.

112.   Admit that the Defendant did not make payment of contributions to the Funds in the amount of $1,219.50 for the 24.00 hours of regular work and the 6.00 hours of overtime work reflected on the paycheck to Anthony A. Pearson for the pay period of April 21, 2024 through April 27, 2024.

113.   Admit that Defendant employed Anthony A. Pearson during the period of April 28, 2024 through May 4, 2024.

114.   Admit that Anthony A. Pearson performed 8.00 hours of regular work for the Defendant during the period of April 28, 2024 through May 4, 2024.

115.   Admit that Anthony A. Pearson performed 4.00 hours of overtime work for the Defendant during the period of April 28, 2024 through May 4, 2024.

116.   Admit that Defendant issued a paycheck to Anthony A. Pearson for the pay period of April 28, 2024 through May 4, 2024, reflecting 8.00 hours of regular work and 4.00 hours of overtime work.

117.   Admit that Defendant issued a paycheck to Anthony A. Pearson for the pay period of April 28, 2024 through May 4, 2024, reflecting gross pay of $653.38 for 8.00 hours of regular work and 4.00 hours of overtime work.

118.   Admit that the hours of work reflected in the paycheck issued to Anthony A. Pearson for the pay period of April 28, 2024 through May 4, 2024, were actually worked by Anthony A. Pearson.

119.   Admit that the wages reflected in the paycheck issued to Anthony A. Pearson for the pay period of April 28, 2024 through May 4, 2024, were actually paid to Anthony A. Pearson.

120.   Admit that the Defendant did not report to the Funds the 8.00 hours of regular work and the 4.00 hours of overtime work reflected on the paycheck to Anthony A. Pearson for the pay

period of April 28, 2024 through May 4, 2024.

121.    Admit that Defendant owed contributions to the Funds for the 8.00 hours of regular work and the 4.00 hours of overtime work reflected on the paycheck to Anthony A. Pearson for the pay period of April 28, 2024 through May 4, 2024.

122.    Admit that Defendant did not pay contributions to the Funds for the 8.00 hours of regular work and the 4.00 hours of overtime work reflected on the paycheck to Anthony A. Pearson for the pay period of April 28, 2024 through May 4, 2024.

123.    Admit that Defendant owed contributions to the Funds in the amount of $487.80 for the 8.00 hours of regular work and the 4.00 hours of overtime work reflected on the paycheck to Anthony A. Pearson for the pay period of April 28, 2024 through May 4, 2024.

124.    Admit that the Defendant did not make payment of contributions to the Funds in the amount of $487.80 for the 8.00 hours of regular work and the 4.00 hours of overtime work reflected on the paycheck to Anthony A. Pearson for the pay period of April 28, 2024 through May 4, 2024.

Requests for Admission Relating to Danielle N. Smith's Employment

125.    Admit that Defendant employed Danielle N. Smith during the 2024 calendar year.

126.    Admit that Danielle N. Smith was referred and supplied to Defendant by the Local Union pursuant to the Collective Bargaining Agreement for the purpose of performing labor for Defendant.

127.    Admit that all hours of work, labor, or services performed by Danielle N. Smith for the Defendant were performed on the IL 180 Bridge Preservation Project.

128.    Admit that all hours of work, labor, or services performed by Danielle N. Smith for the Defendant were Covered Work.

129.    Admit that Defendant employed Danielle N. Smith during the period of April 28, 2024 through May 4, 2024.

130.    Admit that Danielle N. Smith performed 16.00 hours of regular work for the Defendant during the period of April 28, 2024 through May 4, 2024.

131.    Admit that Danielle N. Smith performed 5.50 hours of overtime work for the Defendant during the period of April 28, 2024 through May 4, 2024.

132.    Admit that Defendant issued a paycheck to Danielle N. Smith for the pay period of April 28, 2024 through May 4, 2024, reflecting 16.00 hours of regular work and 5.50 hours of overtime work.

133.    Admit that Defendant issued a paycheck to Danielle N. Smith for the pay period of April 28, 2024 through May 4, 2024, reflecting gross pay of $1,131.75 for 16.00 hours of regular work and 5.50 hours of overtime work.

134.    Admit that the hours of work reflected in the paycheck issued to Danielle N. Smith for the pay period of April 28, 2024 through May 4, 2024, were actually worked by Danielle N. Smith.

135.    Admit that the wages reflected in the paycheck issued to Danielle N. Smith for the pay period of April 28, 2024 through May 4, 2024, were actually paid to Danielle N. Smith.

136.    Admit that the Defendant did not report to the Funds the 16.00 hours of regular work and the 5.50 hours of overtime work reflected on the paycheck to Danielle N. Smith for the pay period of April 28, 2024 through May 4, 2024.

137.    Admit that Defendant owed contributions to the Funds for the 16.00 hours of regular work and the 5.50 hours of overtime work reflected on the paycheck to Danielle N. Smith for the pay period of April 28, 2024 through May 4, 2024.

138.    Admit that Defendant did not pay contributions to the Funds for the 16.00 hours of regular work and the 5.50 hours of overtime work reflected on the paycheck to Danielle N. Smith for the pay period of April 28, 2024 through May 4, 2024.

139.    Admit that Defendant owed contributions to the Funds in the amount of $873.97 for the 16.00 hours of regular work and the 5.50 hours of overtime work reflected on the paycheck to Danielle N. Smith for the pay period of April 28, 2024 through May 4, 2024.

140.    Admit that the Defendant did not make payment of contributions to the Funds in the amount of $873.97 for the 16.00 hours of regular work and the 5.50 hours of overtime work reflected on the paycheck to Danielle N. Smith for the pay period of April 28, 2024 through May 4, 2024.

Requests for Admission Relating to Johnathan Starcevich's Employment

141.    Admit that Defendant employed Johnathan Starcevich during the 2024 calendar year.

142.    Admit that Johnathan Starcevich was referred and supplied to Defendant by the Local Union pursuant to the Collective Bargaining Agreement for the purpose of performing labor for Defendant.

143.    Admit that all hours of work, labor, or services performed by Johnathan Starcevich for the Defendant were performed on the IL 180 Bridge Preservation Project.

144.    Admit that all hours of work, labor, or services performed by Johnathan Starcevich for the Defendant were Covered Work.

145.    Admit that Defendant employed Johnathan Starcevich during the period of May 5, 2024 through May 11, 2024.

146.    Admit that Johnathan Starcevich performed 24.00 hours of regular work for the

Defendant during the period of May 5, 2024 through May 11, 2024.

147.    Admit that Johnathan Starcevich performed 18.00 hours of overtime work for the Defendant during the period of May 5, 2024 through May 11, 2024.

148.    Admit that Defendant issued a paycheck to Johnathan Starcevich for the pay period of May 5, 2024 through May 11, 2024, reflecting 24.00 hours of regular work and 18.00 hours of overtime work.

149.    Admit that Defendant issued a paycheck to Johnathan Starcevich for the pay period of May 5, 2024 through May 11, 2024, reflecting gross pay of $2,380.17 for 24.00 hours of regular work and 18.00 hours of overtime work.

150.    Admit that the hours of work reflected in the paycheck issued to Johnathan Starcevich for the pay period of May 5, 2024 through May 11, 2024, were actually worked by Johnathan Starcevich.

151.    Admit that the wages reflected in the paycheck issued to Johnathan Starcevich for the pay period of May 5, 2024 through May 11, 2024, were actually paid to Johnathan Starcevich.

152.    Admit that the Defendant did not report to the Funds the 24.00 hours of regular work and the 18.00 hours of overtime work reflected on the paycheck to Johnathan Starcevich for the pay period of May 5, 2024 through May 11, 2024.

153.    Admit that Defendant owed contributions to the Funds for the 24.00 hours of regular work and the 18.00 hours of overtime work reflected on the paycheck to Johnathan Starcevich for the pay period of May 5, 2024 through May 11, 2024.

154.    Admit that Defendant did not pay contributions to the Funds for the 24.00 hours of regular work and the 18.00 hours of overtime work reflected on the paycheck to Johnathan Starcevich for the pay period of May 5, 2024 through May 11, 2024.

155.    Admit that Defendant owed contributions to the Funds in the amount of $1,707.30 for the 24.00 hours of regular work and the 18.00 hours of overtime work reflected on the paycheck to Johnathan Starcevich for the pay period of May 5, 2024 through May 11, 2024.

156.    Admit that the Defendant did not make payment of contributions to the Funds in the amount of $1,707.30 for the 24.00 hours of regular work and the 18.00 hours of overtime work reflected on the paycheck to Johnathan Starcevich for the pay period of May 5, 2024 through May 11, 2024.

Requests for Admission Relating to Jared M. Biggs' Employment

157.    Admit that Defendant employed Jared M. Biggs during the 2024 calendar year.

158.    Admit that Jared M. Biggs was referred and supplied to Defendant by the Local Union pursuant to the Collective Bargaining Agreement for the purpose of performing labor for Defendant.

159.    Admit that all hours of work, labor, or services performed by Jared M. Biggs for the Defendant were performed on the IL 180 Bridge Preservation Project.

160.    Admit that all hours of work, labor, or services performed by Jared M. Biggs for the Defendant were Covered Work.

161.    Admit that Defendant employed Jared M. Biggs during the period of May 5, 2024 through May 11, 2024.

162.    Admit that Jared M. Biggs performed 24.00 hours of regular work for the Defendant during the period of May 5, 2024 through May 11, 2024.

163.    Admit that Jared M. Biggs performed 19.50 hours of overtime work for the Defendant during the period of May 5, 2024 through May 11, 2024.

164.    Admit that Defendant issued a paycheck to Jared M. Biggs for the pay period of

May 5, 2024 through May 11, 2024, reflecting 24.00 hours of regular work and 19.50 hours of overtime work.

166.    Admit that Defendant issued a paycheck to Jared M. Biggs for the pay period of May 5, 2024 through May 11, 2024, reflecting gross pay of $2,485.18 for 24.00 hours of regular work and 19.50 hours of overtime work.

166.    Admit that the hours of work reflected in the paycheck issued to Jared M. Biggs for the pay period of May 5, 2024 through May 11, 2024, were actually worked by Jared M. Biggs.

167.    Admit that the wages reflected in the paycheck issued to Jared M. Biggs for the pay period of May 5, 2024 through May 11, 2024, were actually paid to Jared M. Biggs.

168.    Admit that the Defendant did not report to the Funds the 24.00 hours of regular work and the 19.50 hours of overtime work reflected on the paycheck to Jared M. Biggs for the pay period of May 5, 2024 through May 11, 2024.

169.    Admit that Defendant owed contributions to the Funds for the 24.00 hours of regular work and the 19.50 hours of overtime work reflected on the paycheck to Jared M. Biggs for the pay period of May 5, 2024 through May 11, 2024.

170.    Admit that Defendant did not pay contributions to the Funds for the 24.00 hours of regular work and the 19.50 hours of overtime work reflected on the paycheck to Jared M. Biggs for the pay period of May 5, 2024 through May 11, 2024.

171.    Admit that Defendant owed contributions to the Funds in the amount of $1,768.28 for the 24.00 hours of regular work and the 19.5.00 hours of overtime work reflected on the paycheck to Jared M. Biggs for the pay period of May 5, 2024 through May 11, 2024.

172.    Admit that the Defendant did not make payment of contributions to the Funds in the amount of $1,768.28 for the 24.00 hours of regular work and the 19.50 hours of overtime work

reflected on the paycheck to Jared M. Biggs for the pay period of May 5, 2024 through May 11, 2024.

## **INTERROGATORIES**

1.    If Defendant denies any of the foregoing Requests for Admission of Facts in whole or in part, state the specific basis for each denial, including without limitation, the specific basis for each denial as to each individual or entity mentioned.

ANSWER:

## **REQUEST TO PRODUCE DOCUMENTS**

1.    If Defendant denies any of the foregoing Requests for Admission of Facts in whole or in part, produce any documents supporting each such denial.

2.    Produce any documents relied on or relating to Defendant's response to the foregoing interrogatories.

MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND *et al.*, plaintiffs,

By:___ s/ John P. Leahy_____
        JOHN P. LEAHY
        CAVANAGH & O'HARA LLP
        Attorneys for Plaintiffs
        2319 West Jefferson Street
        Springfield, IL 62702
        (217) 544-1771 – Telephone
        (217) 544-9894 – Facsimile
        johnleahy@cavanagh-ohara.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, LOCAL 649, OPERATING ENGINEERS APPRENTICESHIP TRUST FUND, OPERATING ENGINEERS LOCAL 649 ANNUITY TRUST, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS INDUSTRY ADVANCEMENT FUND, DOWNSTATE INFRASTRUCTURE AWARENESS AND ADVANCEMENT FUND, and UPGRADE FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) No.   24-cv-1309 |
| TYRO CONSTRUCTION, INC. | ) ) ) |
| Defendant. | ) ) |

## REQUEST FOR GENUINENESS OF DOCUMENTS, INTERROGATORIES AND REQUEST TO PRODUCE DOCUMENTS

Plaintiffs, MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND *et al.*, by their attorneys, CAVANAGH & O'HARA LLP, pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby request that Defendant, TYRO CONSTRUCTION, INC., admit or deny the following requests for the admission of genuineness of documents, under oath and within thirty (30) days of service hereof:

**PLEASE TAKE NOTICE** that pursuant to Rule 36 of the Federal Rules of Civil Procedure, each matter set forth in the following Request for Genuineness of Documents will be deemed admitted unless, within thirty (30) days after service of these requests, the party to whom

they are directed serves upon the undersigned counsel a written answer or objection, signed by the party or its attorney.

## INSTRUCTIONS

1.      Each matter is admitted unless, within 30 days after service of Plaintiffs' Request for Genuineness of Documents, the Defendant serves on Plaintiffs a written answer or objection addressed to the matter that is signed by Defendant or its attorney.

2.      If a matter is not admitted, Defendant's answer must specifically deny it or state in detail why Defendant cannot truthfully admit or deny it.

3.      A denial must fairly respond to the substance of the matter; and when good faith requires that Defendant qualify an answer or deny only a part of a matter, Defendant must specify the part admitted and qualify or deny the rest.

4.      Defendant may not assert lack of knowledge or information as a reason for failing to admit or deny unless Defendant states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable Defendant to admit or deny.

5.      If Defendant objects to a request, the grounds for objecting to a request must be stated.  Defendant may not object solely on the ground that the request presents a genuine issue for trial.

6.      If Defendant denies any of the foregoing requests for the genuineness of documents, in whole or in part, Defendant shall:

(a)      state with particularity the specific factual basis for each denial;

(b)      produce to Plaintiffs all documents supporting each such denial or otherwise concerning the requested genuineness of documents in its possession, custody or control; and

(c)    identify each and every person with knowledge of the requested genuineness of documents.

7.    These requests for genuineness of documents shall be deemed to be continuing until during the course of trial. Information sought by these requests and that you obtain after you serve your responses must be disclosed to the Plaintiffs' counsel by supplementary responses prior to any hearing in or trial of this action.

## DEFINITIONS

8.    As used herein, "Defendant" shall mean TYRO CONSTRUCTION, INC., and shall include their past and present agents, employees, officers, directors or any other persons or companies acting or purporting to act on their behalf.

9.    As used herein, "Plaintiffs" or the "Funds", shall mean MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, LOCAL 649, OPERATING ENGINEERS APPRENTICESHIP TRUST FUND, OPERATING ENGINEERS LOCAL 649 ANNUITY TRUST, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS INDUSTRY ADVANCEMENT FUND, DOWNSTATE INFRASTRUCTURE AWARENESS AND ADVANCEMENT FUND, and UPGRADE FUND.

10.    As used herein, "Local Union" shall mean International Union of Operating Engineers Local Union 649, AFL-CIO.

11.    As used herein, "Collective Bargaining Agreement" shall means "Articles of Agreement Highway & Heavy between The Associated General Contractors of Illinois and International Union of Operating Engineers Local No. 649, and effective April 1, 202 through

March 31, 2025, a copy of which is attached as Exhibit "E" to Plaintiffs' Amended Complaint, and fully incorporated herein by this reference.

12.    As used herein, "Covered Work" shall mean all work, labor, or services falling within the scope of the Collective Bargaining Agreement that requires the payment of contributions to the Funds.

13.    As used herein, "Geographical Jurisdiction of the Funds" shall mean the territorial jurisdiction described in the Collective Bargaining Agreement within which Covered Work is performed.

14.    As used herein, "IL 180 Bridge Preservation Project" shall mean the Illinois Department of Transportation project for the construction and improvement of bridge structures on IL 180 in Knox County, Illinois, performed under Contract No. 68G91, in which Defendant furnished labor, materials, and services as a subcontractor to Path Construction Company, Inc.

## REQUEST FOR THE GENUINENESS OF DOCUMENTS

1.    Attached hereto as Exhibit "1" is a true and accurate copy of a Weekly Certified Payroll Reporting Form covering the period of April 20, 2024 through April 26, 2024, that was prepared by the Defendant for the IL 180 Bridge Preservation Project.

2.    Attached hereto as Exhibit "2" is a true and accurate copy of a payment detail for Emily Emerick for the period of May 5, 2024 through May 11, 2024, reflecting 8.00 hours of regular work and 7.50 hours of overtime work, and gross pay of $898.40.

3.    Attached hereto as Exhibit "3" is a true and accurate copy of a payment detail for Lester Atwood for the period of May 5, 2024 through May 11, 2024, reflecting 8.00 hours of regular work and 7.50 hours of overtime work, and gross pay of $898.40.

4.    Attached hereto as Exhibit "4" is a true and accurate copy of an earnings statement

for George Cooper for the period of April 28, 2024 through May 4, 2024, reflecting 16.00 hours of regular work and 3.50 hours of overtime work, and gross pay of $991.74.

5.      Attached hereto as Exhibit "5" is a true and accurate copy of an earnings statement for John F. Keinatt for the period of April 28, 2024 through May 4, 2024, reflecting 40.00 hours of regular work and 13.00 hours of overtime work, and gross pay of $2,776.87.

6.      Attached hereto as Exhibit "6" is a true and accurate copy of an earnings statement for Anthony A. Pearson for the period of April 21, 2024 through April 27, 2024, reflecting 24.00 hours of regular work and 6.00 hours of overtime work, and gross pay of $1,540.11.

7.      Attached hereto as Exhibit "7" is a true and accurate copy of an earnings statement for Anthony A. Pearson for the period of April 28, 2024 through May 4, 2024, reflecting 8.00 hours of regular work and 4.00 hours of overtime work, and gross pay of $653.38.

8.      Attached hereto as Exhibit "8" is a true and accurate copy of an earnings statement for Danielle N. Smith for the period of April 28, 2024 through May 4, 2024, reflecting 16.00 hours of regular work and 5.50 hours of overtime work, and gross pay of $1,131.75.

9.      Attached hereto as Exhibit "9" is a true and accurate copy of a payment detail for Johnathan Starcevich for the period of May 5, 2024 through May 11, 2024, reflecting 24.00 hours of regular work and 18.00 hours of overtime work, and gross pay of $2,380.17.

10.      Attached hereto as Exhibit "10" is a true and accurate copy of a payment detail for Jared M. Biggs for the period of May 5, 2024 through May 11, 2024, reflecting 24.00 hours of regular work and 19.50 hours of overtime work, and gross pay of $2,485.18.

## INTERROGATORIES

1.     If Defendant denies any of the foregoing requests for the genuineness of documents in whole or in part, state the specific basis for each denial, including without limitation, the specific basis for each denial as to each individual or entity mentioned.

ANSWER:

## REQUEST TO PRODUCE DOCUMENTS

1.     If Defendant denies any of the foregoing requests for the genuineness of documents in whole or in part, produce any documents supporting each such denial.

2.     Produce any documents relied on or relating to Defendant's response to any of the foregoing interrogatories.

MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND *et al.*, plaintiffs,

By:     s/ John P. Leahy
     JOHN P. LEAHY
     CAVANAGH & O'HARA LLP
     Attorneys for Plaintiffs
     2319 West Jefferson Street
     Springfield, IL 62702
     (217) 544-1771 – Telephone
     (217) 544-9894 – Facsimile
     johnleahy@cavanagh-ohara.com

# EXHIBIT "1"

Project Name: 68G91 - Bridge Preservation Project to Structures Over the Spoon River, Caldwell Creek, and Brandywine Creek
Project Code / Contract # / FIN: 68G91

May 15, 2024
Page 1 of 5

# FINAL CPR

## WEEKLY CERTIFIED PAYROLL REPORTING FORM

PRIME CONTRACTOR - Dyte Construction Inc
Sub To: Path Construction Company, Inc.
Contract ID# Tyto251.23
Subcontractor to Path Construction Company, Inc.

CONTRACTOR'S LICENSE No. 773-582-8555
SPECIALTY LICENSE No.

ADDRESS: 2332 South Michigan Ave., Chicago, IL 60616
PHONE: 3123639230
EMAIL: Irf@pyteonstruction.com

PROJECT LOCATION CODE / NAME:
Knox County, IL /68G91 / 68G91 - Bridge Preservation Project to Structures
Over the Spoon River, Caldwell Creek, and Brandywine Creek

PAYROLL No. 43

FOR WEEK ENDING: 04/26/2024
SUBMITTED ON: Mar 15, 2024

MOTOR CARRIER PERMIT No.

UNION
Union

SELF-INSURED CERTIFICATE No.
WORKERS' COMP. POLICY :

DEDUCTION - CONTRIBUTION AND PAYMENTS

### COOPER, GEORGE

NAME, ADDRESS, SSN, DRIVER'S LICENSE, ETHNICITY, GENDER: EXEMPT

WORK CLASSIFICATION, LOCATION AND TYPE:
POWER EQUIPMENT OPERATOR / Group 1 / Type:
Heavy/Highway
0 / Knox County, IL

| HOURS WORKED EACH DAY | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 4/20/24 S | 4/21/24 S | 4/22/24 M | 4/23/24 T | 4/24/24 W | 4/25/24 TH | 4/26/24 F | TOTAL HOURS THIS | BASE HOURLY RATE OF PAY |
| S | | | 8.00 | 8.00 | 8.00 | 8.00 | | 24.00 | 46.67 |
| O | | | 4.00 | | 2.00 | | | 6.00 | 70.01 |
| D | | | | | | | | | |

| | THIS PROJECT | ALL PROJECTS | Federal Tax | Social Security | Medicare | State Tax | Local Taxes /SDI | Other | Savings | Total Deduction | Check No. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GROSS AMOUNT EARNED | 1,540.11 | 1,540.11 | 79.91 | 95.19 | 22.33 | 76.24 | 0.00 | 0.00 | 0.00 | 273.97 | 3081 |
| | | | Vet/Dues | Trav. Subs. | Health & Welfare | Pension | Vacation Holiday | Training | All Other | | Not Paid Week |
| | 0.00 | 0.00 | 0.00 | 0.00 | 115.00 | 390.00 | 0.00 | 0.00 | 364.50 | 1,069.50 | 1,266.14 |
| | | | Voluntary Pension | Voluntary Medical | | | | | | | Payroll Payment Date |
| Base in Lieu of Fringes: 0.00 | Total in Lieu of Fringes 0.00 | | 0.00 | 0.00 | | | | | | | 5/3/24 |

All or Part of Fringes Paid to Employee: NO
Vacation, Holiday and Dues in Gross Pay : NO
Voluntary Contributions in Gross Pay : NO

DEMOGRAPHIC CLASSIFICATION: Veteran Status: Not a Veteran

### DURHAM, MATTHEW

EXEMPT

LABORER / Skilled / Type:
Heavy/Highway
0 / Knox County, IL

| HOURS WORKED EACH DAY | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 4/20/24 S | 4/21/24 S | 4/22/24 M | 4/23/24 T | 4/24/24 W | 4/25/24 TH | 4/26/24 F | TOTAL HOURS THIS PROJECT | BASE HOURLY RATE OF PAY |
| S | | | 8.00 | 8.00 | 4.00 | 8.00 | | 28.00 | 48.90 |
| O | | | 4.00 | 4.00 | 2.50 | | | 10.50 | 73.35 |
| D | | | 2.50 | | | | | 2.50 | 97.80 |

| | THIS PROJECT | ALL PROJECTS | Federal Tax | Social Security | Medicare | State Tax | Local Taxes /SDI | Other | Savings | Total Deduction | Check No. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2,383.88 | 2,383.88 | 370.55 | 147.80 | 14.57 | 118.00 | 0.00 | 0.00 | 0.00 | 769.72 | 3105 |
| | | | Vet/Dues | Trav. Subs. | Health & Welfare | Pension | Vacation Holiday | Training | All Other | | Not Paid Week |
| | 2,383.88 | 2,383.88 | 89.40 | 750.00 | 712.17 | 652.31 | 0.00 | 17.11 | 10.66 | 1,412.45 | 2,373.16 |
| | | | Voluntary Pension | Voluntary Medical | | | | | | | Payroll Payment Date |
| Base in Lieu of Fringes: 0.00 | Total in Lieu of Fringes 0.00 | | 0.00 | 0.00 | | | | | | | 5/3/24 |

All or Part of Fringes Paid to Employee: NO
Vacation, Holiday and Dues in Gross Pay : NO
Voluntary Contributions in Gross Pay : NO

DEMOGRAPHIC CLASSIFICATION: Veteran Status: Not a Veteran

### GARCIA, ANGEL

EXEMPT

LABORER / General / Type:
Heavy/Highway
0 / Knox County, IL

| HOURS WORKED EACH DAY | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 4/20/24 S | 4/21/24 S | 4/22/24 M | 4/23/24 T | 4/24/24 W | 4/25/24 TH | 4/26/24 F | TOTAL HOURS THIS PROJECT | BASE HOURLY RATE OF PAY |
| S | | | 8.00 | 8.00 | 8.00 | 8.00 | | 24.00 | 50.25 |
| O | | | 4.80 | 1.00 | | | | 5.00 | 75.38 |
| D | | | 2.00 | | | | | 2.00 | 100.50 |

| | THIS PROJECT | ALL PROJECTS | Federal Tax | Social Security | Medicare | State Tax | Local Taxes /SDI | Other | Savings | Total Deduction | Check No. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1,783.88 | 1,783.88 | 215.55 | 110.60 | 25.87 | 88.30 | 0.00 | 0.00 | 0.00 | 527.22 | 3080 |
| | | | Vet/Dues | Trav. Subs. | Health & Welfare | Pension | Vacation Holiday | Training | All Other | | Not Paid Week |
| | 1,783.88 | 1,783.88 | 66.90 | 750.00 | 538.47 | 492.90 | 0.00 | 0.00 | 76.27 | 1,067.64 | 2,006.66 |
| | | | Voluntary Pension | Voluntary Medical | | | | | | | Payroll Payment Date |
| Base in Lieu of Fringes: 0.00 | Total in Lieu of Fringes 0.00 | | 0.00 | 0.00 | | | | | | | 5/3/24 |

All or Part of Fringes Paid to Employee: NO
Vacation, Holiday and Dues in Gross Pay : NO
Voluntary Contributions in Gross Pay : NO

DEMOGRAPHIC CLASSIFICATION: Veteran Status: Not a Veteran

Project Name: 69C01 - Bridge Preservation Project to Structures Over the Spoon River, Cabwell Creek, and Transferine Creek.

Project Code / Contract # / PIN: 69C01

## KENNEDY, JOHN

POWER EQUIPMENT OPERATOR - Group 1 / Type: Heavy, Highway

0 Knox County, IL — EXEMPT

| | S 4/20/24 | S 4/21/24 | M 4/22/24 | T 4/23/24 | W 4/24/24 | TH 4/25/24 | F 4/26/24 | TOTAL HOURS THIS PROJECT | BASE HOURLY RATE OF PAY | THIS PROJECT | ALL PROJECTS | Federal Tax | Social Security | Medicare | State Tax | Local Taxes / SDI | Other | Savings | Total Deduction | Check No. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S | | | 8.00 | | 8.00 | 8.00 | 8.00 | 24.00 | 46.67 | 1,540.11 | 1,540.11 | 181.92 | 95.19 | 22.33 | 76.24 | 0.00 | 0.00 | 0.00 | 375.98 | 3982 |
| O | | | 5.50 | | 0.50 | | | 6.00 | 70.01 | | | Vac/Dues | Trav. Subs. | Health & Welfare | Pension | Vacation Holiday | Training | All Other | | | Net Paid Week |
| D | | | | | | | | | | | | 0.00 | 0.00 | 315.00 | 390.00 | 0.00 | 0.00 | 364.50 | 1,069.50 | 1,164.11 |
| | | | | | | | | | Rate in Lieu of Fringes: 0.00 | Total in Lieu of Fringes: 0.00 | | Voluntary Pension 0.00 | Voluntary Medical 0.00 | | | | | | | Payroll Payment Date 5/3/24 |

Vacation, Holiday and Dues in Gross Pay: NO
Voluntary Contributions in Gross Pay: NO
All or Part of Fringes Paid to Employee: NO
DEMOGRAPHIC CLASSIFICATION: Veteran Status: Not a Veteran

## LEVERING, LUKE

LABORER - Skilled / Type: Heavy, Highway

0 Knox County, IL — EXEMPT

| | S 4/20/24 | S 4/21/24 | M 4/22/24 | T 4/23/24 | W 4/24/24 | TH 4/25/24 | F 4/26/24 | TOTAL HOURS THIS PROJECT | BASE HOURLY RATE OF PAY | THIS PROJECT | ALL PROJECTS | Federal Tax | Social Security | Medicare | State Tax | Local Taxes / SDI | Other | Savings | Total Deduction | Check No. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S | | | 8.00 | | 8.00 | 8.00 | 8.00 | 24.00 | 33.96 | 1,120.68 | 1,120.68 | 0.65 | 69.48 | 16.25 | 55.87 | 0.00 | 0.00 | 0.00 | 141.85 | 3079 |
| O | | | 5.00 | | 1.00 | | | 6.00 | 50.94 | | | Vac/Dues | Trav. Subs. | Health & Welfare | Pension | Vacation Holiday | Training | All Other | | | Net Paid Week |
| D | | | | | | | | | | | | 0.00 | 0.00 | 281.73 | 405.63 | 0.00 | 0.00 | 160.19 | 847.54 | 978.53 |
| | | | | | | | | | Rate in Lieu of Fringes: 0.00 | Total in Lieu of Fringes: 0.00 | | Voluntary Pension 0.00 | Voluntary Medical 0.00 | | | | | | | Payroll Payment Date 5/3/24 |

Vacation, Holiday and Dues in Gross Pay: NO
Voluntary Contributions in Gross Pay: NO
All or Part of Fringes Paid to Employee: NO
DEMOGRAPHIC CLASSIFICATION: Veteran Status: Not a Veteran

## LOFGREN, DOUGLAS

LABORER - Skilled / Type: Heavy, Highway

0 Knox County, IL — EXEMPT

| | S 4/20/24 | S 4/21/24 | M 4/22/24 | T 4/23/24 | W 4/24/24 | TH 4/25/24 | F 4/26/24 | TOTAL HOURS THIS PROJECT | BASE HOURLY RATE OF PAY | THIS PROJECT | ALL PROJECTS | Federal Tax | Social Security | Medicare | State Tax | Local Taxes / SDI | Other | Savings | Total Deduction | Check No. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S | | | 8.00 | | 8.00 | 8.00 | | 16.00 | 33.96 | 568.83 | 568.83 | 14.77 | 35.27 | 8.25 | 28.16 | 0.00 | 0.00 | 0.00 | 86.45 | 3111 |
| O | | | | | 0.50 | 0.50 | | 0.50 | 50.94 | | | Vac/Dues | Trav. Subs. | Health & Welfare | Pension | Vacation Holiday | Training | All Other | | | Net Paid Week |
| D | | | | | | | | | | | | 0.00 | 0.00 | 157.58 | 226.88 | 0.00 | 0.00 | 89.60 | 474.05 | 482.38 |
| | | | | | | | | | Rate in Lieu of Fringes: 0.00 | Total in Lieu of Fringes: 0.00 | | Voluntary Pension 0.00 | Voluntary Medical 0.00 | | | | | | | Payroll Payment Date 5/3/24 |

Vacation, Holiday and Dues in Gross Pay: NO
Voluntary Contributions in Gross Pay: NO
All or Part of Fringes Paid to Employee: NO
DEMOGRAPHIC CLASSIFICATION: Veteran Status: Not a Veteran

## MCSPERRITT, JEFF

LABORER - Skilled / Type: Heavy, Highway

0 Knox County, IL — EXEMPT

| | S 4/20/24 | S 4/21/24 | M 4/22/24 | T 4/23/24 | W 4/24/24 | TH 4/25/24 | F 4/26/24 | TOTAL HOURS THIS PROJECT | BASE HOURLY RATE OF PAY | THIS PROJECT | ALL PROJECTS | Federal Tax | Social Security | Medicare | State Tax | Local Taxes / SDI | Other | Savings | Total Deduction | Check No. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S | | | 8.00 | | 8.00 | 8.00 | | 24.00 | 33.96 | 1,120.68 | 1,120.68 | 96.33 | 69.48 | 16.25 | 55.87 | 0.00 | 0.00 | 0.00 | 237.53 | 3078 |
| O | | | 5.50 | | 0.50 | | | 6.00 | 50.94 | | | Vac/Dues | Trav. Subs. | Health & Welfare | Pension | Vacation Holiday | Training | All Other | | | Net Paid Week |
| D | | | | | | | | | | | | 0.00 | 0.00 | 281.73 | 405.63 | 0.00 | 0.00 | 160.19 | 847.54 | 883.15 |
| | | | | | | | | | Rate in Lieu of Fringes: 0.00 | Total in Lieu of Fringes: 0.00 | | Voluntary Pension 0.00 | Voluntary Medical 0.00 | | | | | | | Payroll Payment Date 5/3/24 |

Vacation, Holiday and Dues in Gross Pay: NO
Voluntary Contributions in Gross Pay: NO
All or Part of Fringes Paid to Employee: NO
DEMOGRAPHIC CLASSIFICATION: Veteran Status: Not a Veteran

Project Name: 68091 - Bridge Preservation Project to Structures Over the Spoon River; Colwell Creek, and Brandywine Creek
Project Code / Contract # / FIN: 68091

## MULVEY, NATHAN

LABORER - Skilled / Type: Heavy, Highway

EXEMPT

0  Knox County, IL

All or Part of Fringes Paid to Employee: NO

Vacation, Holiday and Dues in Gross Pay: NO
Voluntary Contributions in Gross Pay: NO

DEMOGRAPHIC CLASSIFICATION: Veteran Status: Not a Veteran

| | 4/20/24 S | 4/21/24 S | 4/22/24 M | 4/23/24 T | 4/24/24 W | 4/25/24 TH | 4/26/24 F | TOTAL HOURS THIS PROJECT | BASE HOURLY RATE OF PAY | THIS PROJECT | ALL PROJECTS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| S | | | 8.00 | 8.00 | 8.00 | 8.00 | | 24.00 | 33.96 | 1,120.68 | |
| O | | | 4.50 | | 0.50 | 1.00 | | 6.00 | 50.94 | | |
| D | | | | | | | | | 0.00 | | |
| Rate in Lieu of Fringes: | | | | | | | | | 0.00 | | |
| Total in Lieu of Fringes | | | | | | | | | 0.00 | | |

| Federal Tax | Social Security | Medicare | State Tax | Local Taxes /SDI | Other | Savings | Total Deduction | Check No. |
|---|---|---|---|---|---|---|---|---|
| 96.33 | 69.48 | 16.25 | 55.47 | 0.00 | 0.00 | 0.00 | 237.53 | 3109 |
| Vac/Dues | Tfr. Subs. | Health & Welfare | Pension | Vacation Holiday | Training | All Other | Net Paid Week | |
| 0.00 | 0.00 | 286.50 | 412.50 | 0.00 | 0.00 | 162.50 | 861.90 | |
| Voluntary Premise | Voluntary Medical | | | | | | Payroll Payment Date | |
| 0.00 | 0.00 | | | | | | 5/3/24 | 883.15 |

## PEARSON, ANTHONY

POWER EQUIPMENT OPERATOR - Group 1 / Type: Heavy, Highway

EXEMPT

0  Knox County, IL

All or Part of Fringes Paid to Employee: NO

Vacation, Holiday and Dues in Gross Pay: NO
Voluntary Contributions in Gross Pay: NO

DEMOGRAPHIC CLASSIFICATION: Veteran Status: Not a Veteran

| | 4/20/24 S | 4/21/24 S | 4/22/24 M | 4/23/24 T | 4/24/24 W | 4/25/24 TH | 4/26/24 F | TOTAL HOURS THIS PROJECT | BASE HOURLY RATE OF PAY | THIS PROJECT | ALL PROJECTS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| S | | | 8.00 | | 8.00 | 8.00 | | 24.00 | 46.67 | 1,540.11 | |
| O | | | 5.50 | | 0.50 | | | 6.00 | 70.01 | | |
| D | | | | | | | | | 0.00 | | |
| Rate in Lieu of Fringes: | | | | | | | | | 0.00 | | |
| Total in Lieu of Fringes | | | | | | | | | 0.00 | | |

| Federal Tax | Social Security | Medicare | State Tax | Local Taxes /SDI | Other | Savings | Total Deduction | Check No. |
|---|---|---|---|---|---|---|---|---|
| 108.51 | 95.49 | 22.33 | 76.24 | 0.00 | 0.00 | 0.00 | 302.57 | 3074 |
| Vac/Dues | Tfr. Subs. | Health & Welfare | Pension | Vacation Holiday | Training | All Other | Net Paid Week | |
| 0.00 | 0.00 | 115.00 | 390.00 | 0.00 | 0.00 | 364.50 | 1,069.50 | |
| Voluntary Premise | Voluntary Medical | | | | | | Payroll Payment Date | |
| 0.00 | 0.00 | | | | | | 5/3/24 | 1,237.54 |

## WILLIAMS, ANDREW

LABORER - Skilled / Type: Heavy, Highway

EXEMPT

0  Knox County, IL

All or Part of Fringes Paid to Employee: NO

Vacation, Holiday and Dues in Gross Pay: NO
Voluntary Contributions in Gross Pay: NO

DEMOGRAPHIC CLASSIFICATION: Veteran Status: Not a Veteran
NOTES: NO work on Friday the 21th Laborer over paid by two hours.

| | 4/20/24 S | 4/21/24 S | 4/22/24 M | 4/23/24 T | 4/24/24 W | 4/25/24 TH | 4/26/24 F | TOTAL HOURS THIS PROJECT | BASE HOURLY RATE OF PAY | THIS PROJECT | ALL PROJECTS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| S | | | 8.00 | | 8.00 | 8.00 | 2.00 | 26.00 | 33.96 | 1,188.60 | |
| O | | | 5.50 | | 0.50 | | | 6.00 | 50.94 | | |
| D | | | | | | | | | 0.00 | | |
| Rate in Lieu of Fringes: | | | | | | | | | 0.00 | | |
| Total in Lieu of Fringes | | | | | | | | | 0.00 | | |

| Federal Tax | Social Security | Medicare | State Tax | Local Taxes /SDI | Other | Savings | Total Deduction | Check No. |
|---|---|---|---|---|---|---|---|---|
| 104.59 | 73.69 | 17.23 | 58.84 | 0.00 | 0.00 | 0.00 | 254.35 | 3107 |
| Vac/Dues | Tfr. Subs. | Health & Welfare | Pension | Vacation Holiday | Training | All Other | Net Paid Week | |
| 0.00 | 0.00 | 286.50 | 412.50 | 0.00 | 0.00 | 162.50 | 861.90 | |
| Voluntary Premise | Voluntary Medical | | | | | | Payroll Payment Date | |
| 0.00 | 0.00 | | | | | | 5/3/24 | 934.25 |

TOTAL STANDARD HOURS : 238.00    TOTAL 1.5 OT HOURS: 58.00    TOTAL 2.0 OT HOURS: 4.50    GRAND TOTAL HOURS: 300.50

Project Name: 68G91 - Bridge Preservation Project to Structures Over the Spoon River, Cadwell Creek, and Brandywine Creek

Project Code / Contract # / PIN: 68G91

## Statement of Compliance

Date Wednesday, May 15, 2024

I, Tracy Perkins, President do hereby state:

**(1) That I pay or supervise the payment of the persons employed by TYRO CONSTRUCTION INC on the 68G91 - BRIDGE PRESERVATION PROJECT TO STRUCTURES OVER THE SPOON RIVER, CADWELL CREEK, AND BRANDYWINE CREEK; that during the payroll period commencing on 4/20/2024 and ending on 4/26/2024 all persons employed on said project have been paid the full weekly wages earned, that no rebates have been or will be made either directly or indirectly to or on behalf of said TYRO CONSTRUCTION INC from the full weekly wages earned by any person and that no deductions have been made either directly or indirectly from the full wages earned by any person, other than permissible deductions as defined in Regulations, Part 3 (29 C.F.R. Subtitle A), issued by the Secretary of Labor under the Copeland Act, as amended (48 Stat. 948, 63 Stat. 108, 72 Stat. 967; 76 Stat. 357; 40 U.S.C. § 3145), and described below:**

**All comments are in the notes on the submitted Certified Payroll Report.**

**(2) That any payrolls otherwise under this contract required to be submitted for the above period are correct and complete; that the wage rates for laborers or mechanics contained therein are not less than the applicable wage rates contained in any wage determination incorporated into the contract; that the classifications set forth therein for each laborer or mechanic conform with the work he performed.**

**(3) That any apprentices employed in the above period are duly registered in a bona fide apprenticeship program registered with a State apprenticeship agency recognized by the Bureau of Apprenticeship and Training, United States Department of Labor, or if no such recognized agency exists in a State, are registered with the Bureau of Apprenticeship and Training, United States Department of Labor.**

**(4)That:**

**(a) WHERE FRINGE BENEFITS ARE PAID TO APPROVED PLANS, FUNDS OR PROGRAMS**

**[X] - in addition to the basic hourly wage rates paid to each laborer or mechanic listed in the above referenced payroll, payments of fringe benefits as listed in the contract have been or will be made to appropriate programs for the benefit of such employees, except as noted in section 4(c) below.**

**(b) WHERE FRINGE BENEFITS ARE PAID IN CASH**

**[ ] - Each laborer or mechanic listed in the above referenced payroll has been paid, as indicated on the payroll, an amount not less than the sum of the applicable basic hourly wage rate plus the amount of the required fringe benefits as listed in the contract, except as noted in Section 4(c) below.**

**(c) EXCEPTIONS:**

| EXCEPTION (CRAFT) | EXPLANATION |
|---|---|
|  |  |

REMARKS: *773-582-9555*

NAME: *Tracy Perkins*
TITLE: *President*

*Electronic Signature Code: 68G91-4/26/2024-RECERT-1336026399130886640*

**THE WILLFUL FALSIFICATION OF ANY OF THE ABOVE STATEMENTS MAY SUBJECT THE CONTRACTOR OR SUBCONTRACTOR TO CIVIL OR CRIMINAL PROSECUTION. SEE SECTION 1001 OF TITLE 18 AND SECTION 3729 OF TITLE 31 OF THE UNITED STATES CODE.**

Project Name: 66C91 - Bridge Preservation Project to Structures Over the Spoon River, Cadwell Creek, and Brush Creek

Project Code / Contract # / FIN: 66C91

**Other Deductions Notes**

Employee Name

Craft

Classification

Other Deduction Notes

# EXHIBIT "2"

## Payment Details

Employee name: Eserski, Emily E

Manual Check

Check date: 05/07/2024

Total earnings

Total taxes

Total employee deductions

Total employer deductions

# EXHIBIT "3"

## Payment Details

Abonod, Leslie

Manual Check

05/17/2024

$406.45

$182.85

Total taxes  $0.00

Total employee deductions  $0.00

Total employer deductions  $795.59

# EXHIBIT "4"

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| KY / 95J 28197093 | 01/ | 3116 | 1 of 1 |

Tyro Construction Inc
2332 S Michigan Avenue
Chicago, IL 60616-4909

**Earnings Statement**

ADP®

| | |
|---|---|
| Period Starting | 04/28/2024 |
| Period Ending | 05/04/2024 |
| Pay Date | 05/10/2024 |

Taxable Filing Status  Head Of
 Household
Exemptions/Allowances

| | | Tax Override | |
|---|---|---|---|
| Federal | Std W/H Table | Federal | 0 00 Addnl |
| State | 0 | State | 49 09 Flat |
| Local | 0 | Local | |

Social Security Number XXX-XX-XXXX

George Cooper
115 North Elm Street
Williamsfield, IL 61489-5471

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 46.6700 | 16.00 | 746.72 | 1866.80 |
| Overtime | 70.0050 | 3.50 | 245.02 | 665.05 |
| Gross Pay | | | $991.74 | $2,531.85 |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 19.50 | 49.50 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | 17.06 | 96.97 |
| Social Security | -61.48 | 156.97 |
| Medicare | -14.38 | 36.71 |
| Illinois State Income | 49.09 | 125.33 |
| Net Pay | $849.73 | |

Important Notes
Basis of pay  Hourly

Your federal taxable wages this period are  $991 74

Tyro Construction Inc
2332 S Michigan Avenue
Chicago, IL 60616-4909

25-2/440

**Payroll Check Number:** 3116
**Pay Date:** 05/10/2024

Pay to the
order of
This amount:

George Cooper

EIGHT HUNDRED FORTY NINE AND 73/100

THIS IS NOT A CHECK

VOID - NON NEGOTIABLE    VOID - NON NEGOTIABLE

$849.73

Huntington Bank

George Cooper
115 North Elm Street
Williamsfield, IL 61489-5471

# EXHIBIT "5"

Company Code    Loc/Dept    Number    Page
KY7 95J 28197093    01/    3121    1 of 1

**Earnings Statement**

ADP.

Tyro Construction Inc
2332 S Michigan Avenue
Chicago, IL 60616 4909

Period Starting    04/28/2024
Period Ending    05/04/2024
Pay Date    05/10/2024

Taxable Filing Status  Single
Exemptions/Allowances
  Federal:    Std W/H Table
  State:    0
  Local:    0
Social Security Number XXX-XX-XXXX

Tax Override
  Federal    0 00 Addnl
  State    137 46 Flat
  Local

John F Keinatt
1132 West McDowell Street
Chillicothe, IL 61523-1463

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 46.6700 | 40.00 | 1866.80 | 2986.88 |
| Overtime | 70.0050 | 13.00 | 910.07 | 1330.10 |
| Gross Pay | | | $2,776.87 | $4,316.98 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | 465.27 | 647.19 |
| Social Security | 172.16 | 267.65 |
| Medicare | 40.27 | 62.60 |
| Illinois State Income | 137.46 | 213.70 |
| Net Pay | $1,961.71 | |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 53.00 | 83.00 |

Important Notes
Basis of pay  Hourly

Your federal taxable wages this period are  $2 776 87

Tyro Construction Inc
2332 S Michigan Avenue
Chicago, IL 60616-4909

25-2/440

Payroll Check Number:    3121
Pay Date:    05/10/2024

Pay to the order of

John F Keinatt

This amount    ONE THOUSAND NINE HUNDRED SIXTY ONE AND 71/10    $1,961.71

THIS IS NOT A CHECK

VOID - NON NEGOTIABLE    VOID - NON NEGOTIABLE

Huntington Bank

John F Keinatt
1132 West McDowell Street
Chillicothe, IL 61523-1463

# EXHIBIT "6"

**Earnings Statement**

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| KY795J 28197093 | 01/ | 3074 | 1 of 1 |

Tyro Construction Inc
2332 S Michigan Avenue
Chicago, IL 60616-4909

ADP

Period Starting: 04/21/2024
Period Ending: 04/27/2024
Pay Date: 05/03/2024

Taxable Filing Status: Married
Exemptions/Allowances:
  Federal:  Std W/H Table
  State:  0
  Local:  0
Social Security Number: XXX-XX-XXXX

Tax Override:
  Federal:  0.00 Addnl
  State:  76.24 Flat
  Local:

Anthony A Pearson
204 South West Street
Knoxville, IL 61448-1236

| rate | hours/units | this period | year to date |
|---|---|---|---|
| 46.6700 | 24.00 | 1120.08 | 1120.08 |
| 70.0050 | 6.00 | 420.03 | 420.03 |
| Gross Pay | | $1,540.11 | $1,540.11 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -108.51 | 108.51 |
| Social Security | -95.49 | 95.49 |
| Medicare | -22.33 | 22.33 |
| Illinois State Income | -76.24 | 76.24 |
| Net Pay | $1,237.54 | |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 30.00 | 30.00 |

**Important Notes**
Basis of pay: Hourly

Your federal taxable wages this period are $1,54...

Tyro Construction Inc
2332 S Michigan Avenue
Chicago, IL 60616-4909

Payroll Check Number: 3074
Pay Date: 05/03/2024

# EXHIBIT "7"

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| KY / 95J 28197093 | 01/ | 3117 | 1 of 1 |

Tyro Construction Inc
2332 S Michigan Avenue
Chicago, IL 60616-4909

**Earnings Statement**

Period Starting 04/28/2024
Period Ending 05/04/2024
Pay Date 05/10/2024

Taxable Filing Status Married
Exemptions/Allowances
  Federal   Std W/H Table
  State     0
  Local     0
Social Security Number XXX XX-XXXX

Tax Override
  Federal:  0 00 Addnl
  State:    32 34 Flat
  Local:

Anthony A Pearson
204 South West Street
Knoxville, IL 61448-1236

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 46.6700 | 8.00 | 373.36 | 1493.44 |
| Overtime | 70.0050 | 4.00 | 280.02 | 700.05 |
| Gross Pay | | | $653.38 | $2,193.49 |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 12.00 | 42.00 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -9.18 | 117.69 |
| Social Security | -40.51 | 136.00 |
| Med care | 9.48 | 31.81 |
| Illinois State Income | 32.34 | 108.58 |
| Net Pay | $561.87 | |

Important Notes

Basis of pay Hourly

Your federal taxable wages this period are $653 38

Tyro Construction Inc
2332 S Michigan Avenue
Chicago IL 60616-4909

25-2/440

Payroll Check Number: 3117
Pay Date: 05/10/2024

Pay to the order of
Anthony A Pearson

This amount FIVE HUNDRED SIXTY ONE AND 87/100

$561.87

THIS IS NOT A CHECK

VOID - NON NEGOTIABLE     VOID - NON NEGOTIABLE

Huntington Bank

Anthony A Pearson
204 South West Street
Knoxville, IL 61448-1236

# EXHIBIT "8"

Company Code      Loc/Dept    Number    Page
KY / 95J 28197093    01/    3122    1 of 1
Tyro Construction Inc
2332 S Michigan Avenue
Chicago, IL 60616-4909

## Earnings Statement



Period Starting    04/28/2024
Period Ending    05/04/2024
Pay Date    05/10/2024

Taxable Filing Status: Single
Exemptions/Allowances:
  Federal:    Std W/H Table
  State:    0
  Loca:    0
Social Security Number: XXX-XX-XXXX

Tax Override:
  Federal:    0 00 Addnl
  State:    56 02 Flat
  Local:

Danielle N Smith
704 South Union Street
Yates City, IL 61572

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 46.6700 | 16.00 | 746.72 | 746.72 |
| Overtime | 70.0050 | 5.50 | 385.03 | 385.03 |
| Gross Pay | | | $1,131.75 | $1,131.7. |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -97.66 | 97.66 |
| Social Security | -70.17 | 70.17 |
| Medicare | -16.41 | 16.41 |
| Illinois State Income | -56.02 | 56.02 |
| Net Pay | $891.49 | |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Total Hours Worked | 21.50 | 21.50 |

Important Notes
Basis of pay  Hourly

Your federal taxable wages this period are  $1 131 75

Tyro Construction Inc
2332 S Michigan Avenue
Chicago, IL 60616-4909

25-2/440

Payroll Check Number:  3122
Pay Date:    05/10/2024

Pay to the order of:    Danielle N Smith



This amount:    EIGHT HUNDRED NINETY ONE AND 49/100    $891.49

VOID - NON NEGOTIABLE    VOID - NON NEGOTIABLE

Huntington Bank

Danielle N Smith
704 South Union Street
Yates City, IL 61572

# EXHIBIT "9"

## Payment Details

Employee Name   Sleerevkkik, Johnathan

Type   Manual Check

Check Date   06/17/2024

Total Taxes   $443.58

Total employee disbursements   $0.00

Total employer disbursements   $0.00

$2,387.17

$1,966.59

3929

# EXHIBIT "10"

## Payment Details

| | |
|---|---|
| Employee Name | Boggs, Jared M |
| Type | Manual Check |
| Check Date | 05/17/2024 |

Total earnings

Total taxes $708.40
Total employee deductions $0.00
Total employer deductions $0.00

$1,578.29

3139