# EXHIBIT "3"

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, LOCAL 649, OPERATING ENGINEERS APPRENTICESHIP TRUST FUND, OPERATING ENGINEERS LOCAL 649 ANNUITY TRUST, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS INDUSTRY ADVANCEMENT FUND, DOWNSTATE INFRASTRUCTURE AWARENESS AND ADVANCEMENT FUND, and UPGRADE FUND,<br><br>        Plaintiffs,<br><br>v.<br><br>TYRO CONSTRUCTION, INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No.   24-cv-1309<br>)<br>)<br>)<br>)<br>) |
| STATE OF ILLINOIS<br><br>COUNTY OF SANGAMON | )<br>)<br>) |

**AFFIDAVIT IN SUPPORT OF ATTORNEY FEES**

I, JOHN P. LEAHY, being duly sworn on oath, depose and state as follows:

1.    I am at attorney at law, duly licensed to practice in the state of Illinois.

2.    I am a partner in Cavanagh & O'Hara, LLP, located in Springfield, Illinois.

3.    Each of the statements set forth herein is true and correct to the best of my personal knowledge. If I am called as a witness, I could and would competently testify to the facts stated herein.

1

4. I am an experienced attorney in civil litigation, including collection actions brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

5. Cavanagh & O'Hara, LLP was retained by Mid Central Operating Engineers Health and Welfare Fund, on behalf of itself and the other plaintiffs (collectively, the "Funds") to pursue the collection of delinquent fringe benefit contributions and other amounts owed to the Funds by the defendant.

6. The Funds entered into a legal services agreement with Cavanagh & O'Hara, LLP and agreed to compensate the firm at the following hourly rates: $205.00 per hour through January 31, 2025, and $235.00 per hour on and after April 1, 2025, for legal services performed by partners. The Fund also agreed to reimburse the firm for all costs reasonably incurred on its behalf.

7. Since being retained for this matter, Cavanagh & O'Hara LLP has provided extensive legal services to the Funds in an attempt to recover delinquent contributions and other amounts owed to the Funds by the defendant. These services were necessary to enforce the Funds' rights under a collective bargaining agreement, the respective trust agreements of the Funds, and ERISA.

8. The defendant's failure to report hours worked by its employees and remit the required contributions to the Funds directly and foreseeably caused the Funds to incur substantial legal fees and costs. These expenses were necessitated by the defendant's repeated noncompliance with its contractual and statutory obligations and the resulting need to protect the rights and benefits of the Funds' participants and beneficiaries. Had the defendant complied promptly with its obligations under the collective bargaining agreement and trust documents, the extensive resources expended in this matter would have been unnecessary. After litigation commenced, the

defendant engaged in conduct that further delayed resolution of this matter and materially increased the attorney time required.

Without limitation, the following actions and inactions by the defendant contributed significantly to the escalation of fees and costs:

(a) <u>Failure to voluntarily comply despite repeated demands</u>. The defendant received multiple written demands advising it of the delinquent amounts owed and providing ample opportunity to correct its reporting and payment failures, yet it took no corrective action.

(b) <u>Litigation forced by continued noncompliance</u>. The defendant's refusal to comply voluntarily made the initiation of federal litigation necessary to collect delinquent contributions and other amounts owed to the Funds.

(c) <u>Bond claim and related state court action caused by noncompliance</u>. To protect the Fund's interests, the Funds were compelled to initiate a lien claim against public funds held by the Illinois Department of Transportation and to pursue a related enforcement action in state court, which the defendant was named as a defendant but failed to appear or defend. The plaintiffs secured a recover in this action of $8,851.84 through a settlement with the general contractor that employed the defendant on the project, which recovery ultimately benefited the defendant by reducing the amounts owed to the Funds.

(d) <u>Failing to initially defend in federal court, followed by filing an Answer</u>. The defendant failed to respond to the original Complaint and was found to be in default. The plaintiffs were required to file an Amended Complaint to reflect additional contributions that were determined to be owed after the original Complaint was

3

filed, which ultimately would not have needed if defendant had properly reported and paid contributions. Only after the filing of an Amended Complaint, did the defendant file an Answer. In that Answer, the Defendant admitted nearly all material allegations, including that it failed to pay contributions owed to the plaintiffs and breached the provisions of the collective bargaining agreement, while denying the stated amount of contributions claimed to be owed, but disputed the amount of delinquent contributions, despite those amounts being based upon its own payroll records.

(e) <u>Failure to respond to discovery or to requests for admissions of fact and the genuineness of documents</u>. The defendant failed to respond to discovery requests seeking information about contributions it believed were owed to the plaintiffs. The defendant also failed to respond to requests for the admission of facts regarding the hours worked by defendant's employees and contributions that were owed to plaintiffs under the collective bargaining agreement for the hours of work. The requests for the admission of facts were mailed by certified mail on September 2, 2025, and received by defendant's legal counsel on September 9, 2025. All such hours and contributions in the requests for admissions were the same hours and contributions identified in plaintiff's Amended Complaint that defendant denied owing. As a result, all such matters are deemed admitted, further confirming defendant's liability and the correctness of the allegations in plaintiff's Amended Complaint. These admissions also demonstrate that defendant's conduct necessitated discovery and motion practice that could have been avoided had

defendant timely acknowledged the amounts owed to plaintiffs after the filing of the amended complaint.

(f) <u>Lack of cooperation and refusal to stipulate</u>. The defendant rejected multiple offers to enter into a stipulated judgment, despite having failed to participate in discovery, respond to requests for admissions of fact and genuineness of documents, or otherwise meaningfully defendant this matter beyond filing an Answer that admitted the core liability issues.

(g) <u>Unnecessary motion practice and discovery</u>. Defendant's conduct in this litigation has required plaintiffs to prepare multiple motions, pursue discovery, and expend substantial effort simply to advance this case. The defendant has taken only minimal actions in response to plaintiffs prosecution of this matter, which are insufficient to meaningfully defend the claims asserted, but enough to cause delay, complicate the proceedings, and significantly increase the fees and costs incurred by the Funds.

Each of these actions, and the additional attorney time required to address them, was a direct and foreseeable result of the defendant's persistent noncompliance and efforts to delay this matter. The result was a significant increase in the legal fees and costs incurred by the Funds, which were both reasonable and necessary to secure compliance, obtain a monetary judgment for all amounts owed, and place the Funds in a position to pursue recovery of those amounts in full.

9. To date, the Fund has incurred the following attorney's fees and costs:

| DATE | DESCRIPTION | TIME |
|---|---|---|
| 07/11/24 | Exchange emails with Brittany Hay regarding information on new employer delinquency case | 0.20 |
| 07/23/24 | Preparation regarding new delinquency file, research online corporate records of employer, research online regarding employer | 0.50 |

5

| | | |
|---|---|---|
| | information and activity, review recent employer lawsuit and assess and determine collection strategy | |
| 07/23/24 | Preparation of initial demand letter to employer for delinquent contributions | 0.30 |
| 07/23/24 | Preparation of email to Brittany Hay for additional information regarding employer delinquency case | 0.10 |
| 07/23/24 | Review email from Brittany Hay and employee pay stubs | 0.20 |
| 07/24/24 | Continue with research regarding employer projects and activity, and assess and evaluate collection strategy | 0.50 |
| 07/24/24 | Telephone call with 649 local business agent Zach Shreves regarding information on employer and I-80 project | 0.30 |
| 07/24/24 | Exchange follow up emails with 649 local business agent Zach Shreves regarding date of last work by employer on I-80 project | 0.10 |
| 08/02/24 | Review file and status of employer response to demand letter, review employee pay stubs and hours worked, research regarding highway project, and evaluate and assess next steps | 1.00 |
| 08/02/24 | Exchange emails with Tyler Bodish regarding employer reporting status | 0.10 |
| 08/02/24 | Exchange emails with Brittany Hay at the Fund Office regarding employer reporting status | 0.10 |
| 08/02/24 | Prepare email to Brittany Hay at the Fund Office requesting additional information on employee pay stubs and hours reported | 0.10 |
| 08/02/24 | Prepare email to Tyler Bodish and Zach Shreves at Local 649 regarding need to pay for stubs for all hours worked on highway project | 0.10 |
| 08/02/24 | Exchange follow up emails with Brittany Hay at the Fund Office regarding employee pay stubs and hours worked | 0.10 |
| 08/05/24 | Review email from Zach Shreves at Local 649 regarding pay information for members on I-80 highway project | 0.10 |
| 08/05/24 | Review file, review of all pay information and balances due, and continue with assessment of collection strategy and next steps | 1.00 |
| 08/05/24 | Prepare follow up email to Zach Shreves at Local 649 identifying all currently known hours and requesting confirmation on all hours worked and amounts due for members on I-80 highway project | 0.20 |
| 08/05/24 | Exchange follow up emails with Zach Shreves at Local 649 regarding pay information for members on I-80 highway project | 0.20 |
| 08/07/24 | Prepare email to Brittany Hay at the Fund Office regarding second and final demand letter sent to employer | 0.10 |
| 08/19/24 | Reviewed file status regarding employer's compliance with demand letters, reviewed amounts due and assessed overall collection strategy and next steps, and prepared email to Brittany Hay to confirm authority and direction to file suit | 0.50 |
| 08/20/24 | Reviewed email reply from Brittany Hay confirming authority and direction to file suit | 0.10 |
| 08/26/24 | Review file status, assess strategy regarding lawsuit, and begin preparation of complaint | 2.00 |

6

| Date | Description | Hours |
|---|---|---|
| 08/26/24 | Exchange emails with business agent Zach Shreves and the local union regarding employer collective bargaining agreement, rate addendums and case status | 0.30 |
| 08/26/24 | Prepare email to Brittany Hay requesting additional information on calculation of amounts due and funds to which contributions are owed | 0.20 |
| 08/27/24 | Exchange emails with Zach Shreves at Local 649 regarding status of employer grievance proceeding | 0.10 |
| 08/27/24 | Exchange emails with Brittany Hay regarding hours worked at identification of employee benefit plans owed contributions | 0.10 |
| 08/28/24 | Telephone call with Zach Shreves and Darren Smith at Local 649 regarding employer delinquency case and lawsuit | 0.10 |
| 08/28/24 | Conducted review and analysis of Fund and Union documents for inclusion as exhibits to the complaint | 1.00 |
| 08/28/24 | Reviewed and edited complaint and conducted final proofreading and verification of factual statements and calculation of amounts due, and prepared final version of complaint, incorporating exhibits | 1.50 |
| 09/12/24 | Reviewed case file and prepared detailed email to Darren Smith at Local 649 itemizing amounts being sought in lawsuit with supporting documents for amounts | 0.30 |
| 09/17/24 | Discussed with local union business manager Zach Shreves new information and additional hours and contributions owed by employer, including additional hours and contributions in lawsuit and status of grievance hearing | 0.20 |
| 09/17/24 | Reviewed case file regarding amounts due, reviewed paystub information to determine additional hours, reviewed and assessed complaint and need for amending complaint to include additional amounts owed, and assess legal strategy and next steps in collection process | 0.50 |
| 09/17/24 | Prepared detailed email to Brittany Hay at the Fund Office regarding additional hours due and need for revised calculation of amounts due to include in pending lawsuit | 0.30 |
| 09/17/24 | Reviewed and responded to email reply from Brittany Hay at the Fund Office regarding adding additional hours due and explaining monthly reporting cut-off dates | 0.10 |
| 09/17/24 | Reviewed revised spreadsheet and listing of hours from Brittany Hay at the Fund Office | 0.10 |
| 09/17/24 | Researched requirements to amend complaint, reviewed statutory section, and assessed strategy regarding amending complaint to include additional amounts due | 0.50 |
| 09/17/24 | Discussed with Zach Shreves at the Local Union what took place during grievance hearing and employers agreement to pay benefits | 0.10 |
| 09/17/24 | Prepared email to Zach Shreves at the Local Union with updated numbers of what is owed with supporting documentation | 0.20 |

7

| | | |
|---|---|---|
| 09/25/24 | Reviewed status of service on employer and need to serve agent again | 0.10 |
| 10/03/24 | Reviewed entry of appearance by attorney Miller in pending lawsuit | 0.10 |
| 10/03/24 | Reviewed case file, reviewed amounts due and supporting information regarding calculations, evaluated legal strategy regarding collection and pending lawsuit, and prepared email to attorney Miller regarding updated information on amounts due | 0.50 |
| 10/03/24 | Prepared email to Brittany Hay at the Fund Office with status update on case and entry of appearance by attorney | 0.10 |
| 10/03/24 | Prepared email to Zach Shreves at Local Union regarding entry of appearance by attorney, status of case, and expected action | 0.10 |
| 10/21/24 | Review case file and assess issues and strategy regarding services of process, entry of appearance and failure to file answer | 0.30 |
| 10/21/24 | Research and analyze case law regarding whether entry of appearance constitutes a waiver of service | 1.00 |
| 10/21/24 | Preparation regarding letter to attorney Miller regarding waiver of service, and preparation regarding request for waiver of service documents | 1.00 |
| 10/21/24 | Telephones attorney Miller and left message for return call to discuss case status | 0.10 |
| 10/23/24 | Discussed case status and waiver request by telephone with attorney Miller | 0.10 |
| 10/31/24 | Telephone call with local union business representative Zach Shreves regarding employer IDOT project | 0.10 |
| 10/31/24 | Telephone call with Illinois contract compliance officer Annette Tisdale regarding employer IDOT project | 0.50 |
| 10/31/24 | Performed online research regarding IDOT project and reviewed project bid, contract, and general manager information | 1.00 |
| 10/31/24 | Performed legal research regarding lien on public projects, reviewed applicable statutory sections and case law regarding lien public projects / public funds, and evaluated and determined collection strategy regarding filing lien claim | 2.00 |
| 11/01/24 | Continue with research regarding requirements and procedures for placing lien on public funds, review of statutes and applicable project information, and preparation and drafting of lien claim and exhibits | 4.00 |
| 11/07/24 | Prepared edits to lien claim, final review of lien claim and exhibits, telephoned IDOT contract compliance officer, prepared email to Fund Office requesting updated breakdown of amounts due | 1.00 |
| 11/13/24 | Reviewed file and status of return of waiver of service and deadline to secure service, and exchanged emails with attorney Todd Miller regarding return of the waiver of service | 0.30 |
| 11/14/24 | Reviewed waiver of service and exchanged emails with attorney Todd Miller regarding filing waiver of service | 0.20 |

| 11/14/24 | Reviewed docket text regarding filing of waiver of service and deadline for filing an answer | 0.10 |
|---|---|---|
| 12/19/24 | Reviewed file status regarding lien case, researched and reviewed statute regarding enforcement of lien against public funds, and assessed and determined legal strategy regarding foreclosing on lien | 1.50 |
| 12/19/24 | Began preparation regarding complaint to enforce and foreclosure on public funds lien | 2.00 |
| 12/26/24 | Continued with preparation regarding complaint to enforce and foreclose on public funds lien | 1.50 |
| 12/26/24 | Reviewed status of pending federal court lawsuit and response date, assess strategy regarding pending lawsuit and failure to file answer, researched public records for current employer information | 0.50 |
| 01/13/25 | Reviewed and responded to email from Taylor Ellis at the Fund Office regarding status of employer's delinquency | 0.10 |
| 01/23/25 | Continued with preparation and drafting of complaint for accounting and to enforce lien on public funds and gathering and evaluating supporting materials for complaint | 1.30 |
| 01/23/25 | Review applicable provisions of Mechanics Lien Act and researched and evaluated case law to confirm legal procedures and requirements to enforce lien | 1.50 |
| 01/24/25 | Reviewed text order from court with deadline to take action regarding employer's failure to file answer to complaint | 0.10 |
| 01/24/25 | Prepared email to attorney Miller regarding employer's intentions regarding complaint | 0.10 |
| 01/24/25 | Finalized drafting and editing of complaint for accounting and enforcement of lien on public funds; conducted final review of complaint and exhibits; completed research on procedures under the Mechanics Lien Act to enforce lien rights; confirmed service addresses and contact information; and completed preparatory actions related to filing the complaint | 3.00 |
| 02/05/25 | Reviewed and responded to email and reviewed new spreadsheet of amounts due from Brittany Hay | 0.10 |
| 02/07/25 | Reviewed case file, assessed status of employer's response to complaint, reviewed docket and applicable filing deadlines, reviewed previous correspondence, and assessed and determined collection strategy and next steps regarding pending litigation | 0.30 |
| 02/07/25 | Preparation regarding motion for default, affidavit in support of default and proposed order of default | 1.50 |
| 02/12/25 | Review case file regarding service of summons on employer, hearing date and next steps in state court bond claim case | 0.30 |
| 02/20/25 | Review status of proof of service on employer in state court bond claim case | 0.10 |
| 02/24/25 | Reviewed case file, reviewed state court docket, confirmed service and status of state court lien case, reviewed status of federal case | 0.30 |

|  | | | |
|---|---|---|---|
|  | and pending motion for default, and assessed collection strategy and next steps | |
| 03/05/25 | Reviewed and responded to email from Todd Miller regarding amounts due to resolve bond claim and federal court case | 0.50 |
| 03/07/25 | Reviewed file regarding amounts due, reviewed status of pending cases, updated file records, and prepared detailed email response to Todd Miller regarding amounts due to resolve bond claim and federal court case | 0.50 |
| 03/13/25 | Reviewed file, reviewed status of pending court cases, reviewed previous correspondence, and prepared follow up email to attorney Miller regarding status of settlement proposal | 0.30 |
| 03/14/25 | Telephone call with representatives of Path Construction regarding bond claim, court hearing and potential settlement | 0.20 |
| 03/14/25 | Reviewed file regarding amounts due and bond claim and assessed and evaluated settlement potential with Path Construction | 0.30 |
| 03/14/25 | Researched and analyzed case law regarding whether balance owed to subcontractor defeats or limits bond claim recovery | 1.30 |
| 03/18/25 | Prepared follow up email to representatives of Path Construction regarding court hearing | 0.10 |
| 03/19/25 | Telephone conference with James Sterr, Chief of Bureau of Claims for Illinois Department of Transportation, regarding lien claim on public funds for state of Illinois bridge preservation project | 0.20 |
| 03/19/25 | Exchanged follow up emails with James Sterr, Chief of Bureau of Claims for Illinois Department of Transportation, regarding lien claim on public funds for state of Illinois bridge preservation project and FOIA request | 0.20 |
| 03/19/25 | Prepared FOIA request for documents regarding state of Illinois bridge preservation project | 0.50 |
| 03/19/25 | Telephone call with Path Construction attorney Amy Grogan regarding first appearance on complaint for accounting and to enforce lien claim | 0.10 |
| 03/19/25 | Preparation of proposed Court Order for first appearance on complaint for accounting and to enforce lien claim | 0.10 |
| 03/19/25 | Prepared for and determined legal strategy regarding first appearance on complaint for accounting and to enforce lien claim, reviewed case file, reviewed bond claim and complaint, and reviewed amounts due | 1.00 |
| 03/20/25 | Travel to and from Galesburg, Illinois for Court hearing on first appearance regarding case against employer for accounting and enforcement of lien against public funds | 4.00 |
| 03/20/25 | Appear for court hearing on first appearance regarding complaint against employer for accounting and enforcement of lien against public funds | 0.30 |
| 03/20/25 | Preparation of revised proposed Order regarding first appearance | 0.30 |

| | | |
|---|---|---|
| 03/20/25 | Research case law and review mechanics lien statute regarding naming State of Illinois as a party and rights to an accounting against State of Illinois under mechanics lien act | 1.00 |
| 03/21/25 | Prepared email to Amy Grogan regarding what took place at hearing and preparation of proposed Order | 0.10 |
| 03/21/25 | Review Order entered by Court in lien enforcement action | 0.10 |
| 03/21/25 | Forward by email copy of Order entered by Court in lien enforcement action to Path Construction attorney Amy Grogan | 0.10 |
| 03/25/25 | Reviewed and evaluated documents received from State of Illinois in response to FOIA request regarding IDOT bridge project which is subject to lien enforcement lawsuit | 1.50 |
| 04/08/25 | Exchange emails with Brittany Hay regarding case status | 0.10 |
| 04/08/25 | Prepare email to office manager Jen Schwindenhammer regarding employer's initial payment and due date under payment plan | 0.10 |
| 05/02/25 | Reviewed court text order regarding procedural history and entry of order of default | 0.10 |
| 05/02/25 | Reviewed clerk's entry of default | 0.10 |
| 05/02/25 | Reviewed and analyzed case file, pleadings, and prior correspondence to assess procedural posture and identify evidentiary materials necessary to support a motion for default judgment | 0.30 |
| 05/02/25 | Preparation of draft of motion for default judgment | 2.00 |
| 05/03/25 | Preparation of draft of affidavit of Jackie Ellinger in support of motion for default judgment | 2.00 |
| 05/03/25 | Preparation and drafting of memorandum of law in support of motion for default judgment | 4.00 |
| 05/04/25 | Continued with preparation and drafting of memorandum of law in support of motion for default judgment | 1.80 |
| 05/04/25 | Preparation of additional edits to draft of affidavit of Jackie Ellinger in support of motion for default judgment | 0.30 |
| 05/05/25 | Preparation and drafting of comprehensive attorney fee affidavit in support of motion for default judgment | 1.30 |
| 05/09/25 | Final review, drafting and preparation regarding motion for default judgment, memorandum of law in support of motion for default judgment, and proposed order of default judgment | 1.00 |
| 05/09/25 | Final review, drafting and preparation / updating of affidavit of Jackie Ellinger and attorney fee affidavit in support of motion for default judgment | 0.30 |
| 05/12/25 | Exchanged emails with Jackie Ellinger regarding affidavit needed in support of motion for default judgment and review of executed affidavit and exhibit | 0.30 |
| 05/20/25 | Reviewed email from employer, reviewed file, exchanged emails with attorney Grogan regarding status of settlement | 0.30 |
| 05/27/25 | Preparation for telephone conference to discuss settlement with attorney Grogan by reviewing lien claim, pending lawsuit and other relevant file materials | 0.30 |

| Date | Description | Hours |
|---|---|---|
| 05/27/25 | Telephone call with attorney Grogan regarding settlement and preparation of email to attorney Grogan with written settlement proposal and explanation of the Fund's position | 0.50 |
| 05/27/25 | Exchanged emails with attorney Grogan regarding settlement of lien claim against employer and Path Construction | 0.10 |
| 05/29/25 | Reviewed and responded to email from Grogan regarding settlement | 0.10 |
| 05/30/25 | Reviewed and responded to follow up email from Grogan regarding settlement | 0.10 |
| 06/10/25 | Prepared email to attorney Grogan regarding acceptance of settlement offer | 0.10 |
| 06/10/25 | Review and analyze court text order regarding default judgment motion and required action | 0.10 |
| 06/10/25 | Preparation of motion to amend complaint | 1.00 |
| 06/10/25 | Begin preparation of amended complaint | 0.50 |
| 06/10/25 | Finalized preparation of amended complaint and exhibits | 0.50 |
| 06/11/25 | Prepare email to attorney Miller regarding motion to amend complaint | 0.10 |
| 06/11/25 | Prepare email to Fund Office requesting detailed information on calculation of liquidated damages and interest | 0.10 |
| 06/11/25 | Exchanged follow up emails with the Fund Office regarding liquidated damages and interest calculations, reviewed collection policy, reviewed updated spreadsheet of amounts due, and confirmed interest and liquidated damages calculations | 0.50 |
| 06/12/25 | Reviewed email from attorney Miller confirming no objection to motion to amend | 0.10 |
| 06/13/25 | Reviewed email from attorney Grogan regarding settlement agreement | 0.10 |
| 06/13/25 | Reviewed and evaluated proposed settlement agreement, assessed legal implications of settlement and resolving state court lien claim, reviewed file, and prepared edits and revisions to settlement agreement | 2.50 |
| 06/16/25 | Reviewed docket text regarding deadline to answer amended complaint | 0.10 |
| 06/16/25 | Reviewed court order granting motion for leave to amend06/ | 0.10 |
| 07/07/25 | Reviewed and responded to email from attorney Grogan regarding status of settlement agreement | 0.10 |
| 07/07/25 | Continued with preparing edits and revisions to settlement agreement | 1.50 |
| 07/08/25 | Completed edits and revisions to settlement agreement | 0.50 |
| 07/08/25 | Prepared email to attorney Grogan regarding edits and revisions to settlement agreement and issue regarding dismissal of lawsuit | 0.10 |
| 07/09/25 | Exchanged emails with attorney Grogan confirming agreement with edits and revisions to settlement agreement, advising that agreement has been sent to Path Construction for execution, and discussing dismissal procedure of state court case | 0.20 |

| 07/10/25 | Reviewed follow-up correspondence from Attorney Grogan outlining new concerns from her client with the proposed settlement agreement; analyzed the issues raised; drafted revised language and edits to address those concerns; and prepared a detailed response to Attorney Grogan with the updated settlement agreement | 0.70 |
|---|---|---|
| 07/10/25 | Prepared email to Jackie Ellinger at the Fund Office regarding status of settlement with Path Construction and need for W-9 Form | 0.10 |
| 07/10/25 | Received and reviewed W-9 From from Brittany Hay, and forwarded W-9 Form by email to attorney Grogan | 0.10 |
| 07/11/25 | Reviewed email from attorney Grogan, reviewed executed settlement agreement, and prepared email to Jackie Ellinger at the Fund Office regarding settlement agreement and necessary action | 0.30 |
| 07/14/25 | Reviewed email and counter-signed settlement agreement received from Jackie Ellinger | 0.10 |
| 07/15/25 | Prepared email to attorney Grogan forwarding executed settlement agreement and providing payment instructions for settlement payment | 0.20 |
| 07/16/25 | Review and evaluate answer to amended complaint filed by defendant | 0.30 |
| 07/17/25 | Reviewed court order regarding scheduling order and providing instructions regarding Rule 16 scheduling conference | 0.10 |
| 07/24/25 | Reviewed case file; analyzed current status of federal court litigation, including procedural history and pending deadlines; assessed status of settlement of related lien claim; evaluated overall collection strategy in light of settlement developments; and identified next steps to advance resolution of federal court proceedings | 0.50 |
| 07/24/25 | Preparation of letter to the Fund Office with update on status of collection efforts and forwarding settlement payment from Path Construction | 0.30 |
| 07/24/25 | Preparation of letter to attorney Miller regarding proposal for stipulation judgment, review complaint and supporting materials regarding contributions, and confirm amounts due for purposes of proposal and judgment amount | 0.50 |
| 07/25/25 | Prepare follow up email to attorney Miller forwarding letter and advising of response deadline | 0.10 |
| 07/25/25 | Continue with preparation of letter and proposal to resolve matter to attorney Miller and review and compile attachments to letter | 0.50 |
| 07/25/25 | Preparation of email to Jackie Ellinger at the Fund Office regarding settlement payment and next steps | 0.10 |
| 07/30/25 | Review email and updated spreadsheet of amounts due form Brittany Hay, and prepare email response to Brittany regarding next steps | 0.20 |
| 07/31/25 | Exchanged emails with attorney Grogan regarding status of dismissal of state court lien enforcement case | 0.10 |

| Date | Description | Hours |
|---|---|---|
| 08/01/25 | Exchanged emails with attorney Grogan regarding status of settlement payment and intention to dismiss case against Path Construction | 0.10 |
| 08/04/25 | Reviewed email from Brittany Hay regarding settlement payment and approval to dismiss complaint against Path Construction | 0.10 |
| 08/04/25 | Prepared email to attorney Grogan and advised of confirmation from Fund Office regarding settlement payment and dismissal of complaint against Path Construction | 0.10 |
| 08/05/25 | Prepared notice of dismissal of complaint against Path Construction | 0.30 |
| 08/05/25 | Prepared email to attorney Grogan for review and comments on proposed notice of dismissal of complaint against Path Construction | 0.10 |
| 08/08/25 | Revised and edited notice of dismissal of complaint against Path Construction to ensure dismissal as to employer was without prejudice | 0.20 |
| 08/08/25 | Exchanged emails with attorney Grogan regarding revised notice of dismissal | 0.10 |
| 08/08/25 | Prepared letter to IDOT regarding notice of dismissal of lawsuit for accounting and enforcement of lien, and notice of release of lien claim | 0.30 |
| 08/11/25 | Reviewed file; reviewed docket regarding scheduling conference, and preparation of proposed discovery plan | 0.50 |
| 08/11/25 | Prepared email to attorney Miller regarding proposed discovery plan | 0.10 |
| 08/12/25 | Exchanged emails with attorney Miller regarding approval of and consent to file proposed discovery plan | 0.10 |
| 08/12/25 | Reviewed text order approving discovery plan, and setting discovery and pre-trial deadlines | 0.10 |
| 08/12/25 | Reviewed case file and related materials to evaluate and strategize next pre-trial steps, including the scope and content of initial disclosures, ongoing and anticipated discovery, and preparation of requests for admission; assessed the status of each matter and considered tactical approaches to ensure thorough and efficient development of the record in anticipation of seeking summary judgment | 0.50 |
| 08/12/25 | Began drafting and preparation of initial disclosures of information required under Rule 26(a)(1) of the Federal Rules of Civil Procedure | 2.00 |
| 08/13/25 | Continued with and complete drafting and preparation of Rule 26(a)(1) initial disclosures of information | 2.00 |
| 08/13/25 | Drafted and sent email to Jackie Ellinger and Brittany Hay at the Fund Office, requesting their review and confirmation of accuracy and completeness regarding the draft Rule 26(a)(1) initial disclosures, including any revisions or clarifications needed | 0.10 |

14

| | | |
|---|---|---|
| 08/14/25 | Review and reply to email from Jackie Ellinger confirming accuracy and completeness regarding the draft Rule 26(a)(1) initial disclosures, and providing suggested revision | 0.10 |
| 08/14/25 | Final review of Rule 26(a)(1) initial disclosures of information and prepare final edits prior to sending to Attorney Miller | 0.30 |
| 08/14/25 | Reviewed case file, pleadings, calculations of amounts due, and supporting documentation; analyzed applicable legal issues and strategy for narrowing disputed matters through requests for admission; and prepared and drafted comprehensive requests for admission tailored to establish liability, confirm contribution obligations, confirm contributions due, and streamline proof for purposes of summary judgment or at trial | 3.30 |
| 08/20/25 | Continued with preparation and drafting of comprehensive requests for admission tailored to establish liability, confirm contribution obligations, confirm contributions due, and streamline proof for purposes of summary judgment or at trial | 2.80 |
| 08/20/25 | Prepared and drafted detailed request for production of documents designed to secure payroll, employee records to other documents in support the Fund' claims and to establish liability and the contributions owed | 1.30 |
| 08/20/25 | Prepared and drafted detailed interrogatories designed to secure information regarding employer's payroll process, employee work history and information, and basis for denials of allegations in Amended Complaint to establish liability and the contributions owed and narrow issues and disputes | 1.50 |
| 08/21/25 | Prepared requests for genuineness of documents tailored to streamline proof of documents supporting the Funds' position | 1.00 |
| 09/02/25 | Final review and evaluation of discovery documents; requests for admissions, requests to produce documents, and interrogatories; review of file materials; assessed discovery strategy to secure admissions and factual support for the lawsuit and damages; and prepared final revisions and updates to discovery documents for service | 1.00 |
| 09/02/25 | Exchanged emails with Brittany Hay at the Fund Office to confirm employee name for discovery documents | 0.10 |
| 09/15/25 | Exchange emails with James Sterr at IDOT regarding dismissal of lawsuit and release of lien claim on public funds | 0.10 |
| 10/02/25 | Telephone call with Todd Miller regarding potential for stipulated judgment to resolve litigation | 0.10 |
| 10/02/25 | Drafting and preparation of stipulation of parties regarding findings of fact, conclusions of law, and amounts owed to resolve pending lawsuit | 1.90 |
| 10/02/25 | Perform research and review of case law regarding consent judgments and elements necessary to satisfy legal requirements for entry of consent judgment | 1.00 |
| 10/03/25 | Preparation and drafting of motion for entry of Judgment | 1.50 |

15

| Date | Description | Hours |
|---|---|---|
| 10/03/25 | Preparation and drafting of Judgment | 0.50 |
| 10/06/25 | Final review, preparation and drafting of stipulation and proposed judgment | 0.50 |
| 10/06/25 | Review of file to confirm balances due, attorney's fees and costs, and outstanding issues relative to lawsuit and collection | 0.30 |
| 10/06/25 | Prepared letter to attorney Miller proposing entry of agreed judgment to resolve lawsuit | 0.30 |
| 10/06/25 | Prepared email to attorney Miller forwarding letter, proposed stipulation and proposed judgment, and advised of response deadline and next steps | 0.10 |
| 10/20/25 | Reviewed and evaluated email and settlement proposal from attorney Miller | 0.10 |
| 10/29/25 | Reviewed and replied to email from Brittay Hay at the Fund Office regarding status of employer delinquency case | 0.10 |
| | TOTAL HOURS 37.70 x $205.00 PER HOUR | $7,728.50 |
| | TOTAL HOURS 67.40 x $235.00 PER HOUR | $15,839.00 |
| | COSTS | |
| 09/24/24 | Filing Fee – US District Court | $405.00 |
| 09/24/24 | Service Fee – Clutter Investigations | $115.00 |
| 11/07/24 | Postage – Certified Mail – Restricted Delivery | $110.40 |
| 11/22/24 | UPS Overnight to Todd Miller | $75.90 |
| 01/31/25 | Postage – Certified Mail | $19.90 |
| 02/14/25 | UPS Overnight to IDOT | $60.84 |
| 02/25/25 | Filing Fee – Knox County Circuit Clerk | $314.84 |
| 02/25/25 | Service Fee – Elite Process Service | $244.60 |
| 03/20/25 | Mileage to and from Knox County Courthouse | $168.00 |
| 08/11/25 | Postage – Certified Mail | $14.73 |
| | TOTAL COSTS | $1,529.21 |
| | **TOTAL COSTS AND FEES** | **$25,096.71** |

10. The attorney's fees billed by Cavanagh & O'Hara LLP for the work performed in this matter, as well as for the collection measures undertaken in connection with this action, are within the customary range charged by the firm for comparable services.

11. Based on my knowledge and experience, and my familiarity with rates typically charged by other law firms for comparable work in the field of employee benefits and ERISA enforcement, I believe these rates are reasonable and consistent with prevailing market rates for

legal services in Sangamon County, Illinois, as well as in the counties within the jurisdiction of the United States District Court for the Central District of Illinois. In forming this opinion, I have considered the skill, experience, and responsibilities of each timekeeper involved, as well as the complexity and specialized nature of the work performed.

12. The amount of time expended by the attorneys of Cavanagh & O'Hara LLP was reasonable and necessary in light of the nature and circumstances of this matter. The defendant's failure to timely report hours, remit contributions, and cooperate with and fulfill its obligations under the collective bargaining agreement required the Funds to retain counsel to take multiple legal steps to protect the interests of its participants and beneficiaries. Each phase of the work undertaken was tailored to the complexity and evolving posture of the case and aligned with the fiduciary duty of the Funds' Trustees to pursue all reasonable means of recovery of delinquent contributions. The fees and costs incurred accurately reflect the time, expertise, and resources required to handle the matter in a diligent and efficient manner and are consistent with those customarily charged for similar work in the employee benefits and ERISA enforcement field.

13. The attorney's fees and related costs incurred by the Funds are fair, reasonable, and appropriate under the circumstances. These expenses were necessary to fully and properly present the Funds' claims and to facilitate the Funds' efforts to collect delinquent contributions and other amounts owed. The Funds incurred these costs in the prudent exercise of its fiduciary and contractual duties to enforce rights under the collective bargaining agreement, trust agreements, and ERISA.

FURTHER THIS AFFIANT SAYETH NAUGHT.

By: s/ John P. Leahy
JOHN P. LEAHY
CAVANAGH & O'HARA LLP
Attorneys for Plaintiffs

2319 W. Jefferson Street
Springfield, IL 62702
(217) 544-1771 – Telephone
(217) 544-9894 – Facsimile

SUBSCRIBED AND SWORN to before me on this 18 day of December 2025.

[Notary Seal: AMY JOAN SMITH, OFFICIAL SEAL, Notary Public - State of Illinois, Commission No. 1014919, My Commission Expires August 06, 2029]

NOTARY PUBLIC