E-FILED
Monday, 09 November, 2026 12:00:17 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, LOCAL 649, OPERATING ENGINEERS APPRENTICESHIP TRUST FUND, OPERATING ENGINEERS LOCAL 649 ANNUITY TRUST, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS INDUSTRY ADVANCEMENT FUND, DOWNSTATE INFRASTRUCTURE AWARENESS AND ADVANCEMENT FUND, and UPGRADE FUND, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 24-cv-1309 |
| TYRO CONSTRUCTION, INC. | ) | |
| Defendant. | ) | |

## ALIAS CITATION TO DISCOVER ASSETS

TO: Tyro Construction, Inc.
Attn. Tracy Perkins, President and Registered Agent
4226 South King Dr
Chicago, IL 60653

**YOU ARE COMMANDED** to appear, through Tracy Perkins, President, or another duly authorized officer or representative designated to testify on behalf of TYRO CONSTRUCTION, INC., who is knowledgeable concerning the assets, liabilities, financial affairs, and business operations of TYRO CONSTRUCTION, INC., before the Honorable Ronald L. Hanna, at the United States District Court for the Central District of Illinois, Peoria Division, 100 N.E. Monroe Street, Peoria, IL 61602, on ________________**, at ____ a.m./p.m.**, to be examined under oath concerning the property, assets, income, financial affairs, and indebtedness of the Judgment Debtor, TYRO CONSTRUCTION, INC., and its ability to satisfy the outstanding Judgment.

If Judgment Debtor appears through an officer or representative other than Tracy Perkins, such individual shall be sufficiently knowledgeable concerning the Judgment Debtor's assets,

liabilities, financial accounts, business operations, and financial affairs to provide meaningful testimony concerning the matters identified herein and in Schedule A.

On February 6, 2026, this Court entered Judgment in favor of the judgment creditors, MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND *et al.*, and against the judgment debtor, TYRO CONSTRUCTION, INC., in the amount of $31,212.55. The Judgment remains unsatisfied, with an outstanding principal balance of $31,212.55, exclusive of accrued post-judgment interest and any additional costs recoverable under applicable law.

**YOU ARE COMMANDED** to produce and bring with you all documents identified on the attached Schedule "A", including but not limited to any and all books, papers, records, electronically stored information, and other documents within your possession or control that contain information concerning the assets, income, property, business activities, or financial affairs of the Judgment Debtor, or any indebtedness due to or from the Judgment Debtor.

**YOU ARE PROHIBITED**, until further Order of Court or termination of these proceedings, whichever occurs first, from making or allowing any transfer or other disposition of, or interfering with, any property of the Judgment Debtor that is not exempt from enforcement of the Judgment, including property presently owned or controlled by the Judgment Debtor or subsequently acquired by or becoming due to the Judgment Debtor, and from paying over or otherwise disposing of any nonexempt money belonging or becoming due to the Judgment Debtor.

**IF YOU FAIL TO APPEAR IN COURT AS DIRECTED IN THIS NOTICE, (1) YOU MAY LOSE YOUR RIGHT TO PROTECT MONEY IN YOUR BANK, SAVINGS BANK, OR CREDIT UNION AND OTHER ASSETS, AND (2) YOU MAY BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

WITNESS, ______________________, 2026.

(SEAL)

______________________________
Clerk of Court

______________________________
Deputy Clerk

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the Judgment was entered on February 6, 2026, by the United States District Court for the Central District of Illinois, in Case No. 24-cv-1309, in the amount of $31,212.55; that the Judgment remains unsatisfied; and that the

outstanding principal balance is $31,212.55, exclusive of accrued post-judgment interest and any additional recoverable costs, and the Judgment is not a consumer debt judgment within the meaning of 735 ILCS 5/2-1303(b)(1).

By: s/ John P. Leahy
JOHN P. LEAHY
CAVANAGH & O'HARA LLP
Attorneys for Plaintiffs
2319 W. Jefferson Street
Springfield, IL 62702
(217) 544-1771 – Telephone
johnleahy@cavanagh-ohara.com

## SCHEDULE "A"

**YOU ARE COMMANDED** to produce and bring with you all documents identified below, including but not limited to any and all books, papers, records, electronically stored information, and other documents within your possession, custody, or control that contain information concerning the assets, income, property, business activities, or financial affairs of the Judgment Debtor, or any indebtedness due to or from the Judgment Debtor.

1. **Job and Contract History**.

A complete list of, and/or documentation evidencing or sufficient to show, all jobs or projects performed by Judgment Debtor within the past twenty-four (24) months. For each job, identify, or produce documentation evidencing:

(i) the general contractor (if applicable),

(ii) the property owner,

(iii) the contract value,

(iv) the job status (completed or ongoing),

(v) the dates work was commenced and completed, and

(vi) whether any amounts remain outstanding and, if so, the amount owed and the party responsible for payment.

2. **Union Reporting Forms.**

Copies of all monthly, weekly, or other periodic reporting forms, remittance reports, contribution reports, transmittals, or similar documents submitted or provided within the last twenty-four (24) months to any labor union, employee benefit fund, apprenticeship fund, industry fund, or other fringe benefit trust fund on behalf of the Judgment Debtor or its employees.

3. **Employment, Payroll, and Payroll Tax Records.**

A. Documents sufficient to identify all persons employed or retained by the Judgment Debtor within the last twenty-four (24) months, including each individual's name, position, dates of employment, and total compensation paid.

B. Copies of all federal and state payroll tax returns, reports, and filings prepared, submitted, or maintained by or on behalf of the Judgment Debtor within the last twenty-four (24) months, including but not limited to IRS Forms 940, 941, W-2, W-3, Illinois unemployment reports, and similar payroll or withholding tax filings.

C. Copies of all payroll registers, payroll summaries, payroll journals, and payroll records reflecting compensation paid to any employee, officer, director, member,

manager, shareholder, owner, or independent contractor of the Judgment Debtor within the last twenty-four (24) months.

D. Copies of all checks, ACH records, wire records, direct deposit records, or other documents reflecting payment of wages, salary, commissions, bonuses, or other compensation by the Judgment Debtor within the last twenty-four (24) months.

4. **Income Documentation**.

All documents reflecting, evidencing, or relating to any income earned, received, or accrued by Judgment Debtor during the previous twenty-four (24) months, including but not limited to invoices, payment records, receipts, deposit documentation, statements, and ledgers.

5. **Accounts Receivable**.

A complete, accurate, and current listing of all accounts receivable of Judgment Debtor, including the name of each debtor, the amount owed, the date the receivable was incurred, and the status of collection.

6. **Documentation of Money Owed to the Company**.

All documents relating to or evidencing any money owed to Judgment Debtor, including outstanding balances on completed projects, work in progress, change orders, retainage, or other amounts due under any contract or agreement.

7. **Asset Listing**.

A complete inventory of all assets owned by Judgment Debtor, whether tangible or intangible, including but not limited to machinery, equipment, tools, motor vehicles, trailers, real property, leasehold interests, bank accounts, investment accounts, accounts receivable, and any other property of value. For each material asset, identify its current location, estimated fair market value, and any liens, security interests, or other encumbrances affecting the asset.

8. **Officer, Shareholder, and Insider Compensation**.

All documents that reflect compensation, payments, distributions, or other transfers made during the last twenty-four (24) months to any officer, director, shareholder, owner, or related party of Judgment Debtor, including payroll records, bonuses, expense reimbursements, dividends, distributions, and shareholder loans.

9. **Related-Party Transactions**.

All documents that reflect transactions during the last twenty-four (24) months between Judgment Debtor and any related or affiliated entity or individual, including transfers of cash, assets, equipment, contracts, or services.

10. **Leases and Rental Agreements**.

All leases, rental agreements, or similar arrangements relating to real property, vehicles, machinery, or equipment used by Judgment Debtor, whether as lessor or lessee.

11. **Federal and State Tax Returns**.

Complete federal and state income tax returns for Judgment Debtor for tax years 2024 and 2025, including all schedules, statements, attachments, and any amendments or supplemental filings.

12. **Bank and Financial Account Records**.

All account statements (monthly or otherwise), canceled checks, check registers, deposit slips, wire confirmations, and related documentation for any checking, savings, money market, brokerage, mutual fund, or other financial accounts maintained in the name of, or for the benefit of, Judgment Debtor at any time during the preceding twenty-four (24) months.

13. **Financial Statements**.

All annual, quarterly, monthly, or other financial statements prepared by or for Judgment Debtor during the preceding twenty-four (24) months, including balance sheets, profit-and-loss statements, cash-flow statements, and internal accounting summaries, together with the most recent financial statement available as of the date of the citation hearing.

14. **Indebtedness Documentation**.

All documentation evidencing any indebtedness of Judgment Debtor, including but not limited to promissory notes, mortgages, trust deeds, security agreements, UCC filings, equipment loans, credit agreements, guarantees, written obligations, and judgments.

15. **Titles and Ownership Records**.

Titles, certificates of origin, or other ownership documentation for all motor vehicles, machinery, equipment, trailers, or other tangible assets owned in whole or in part by Judgment Debtor.

16. **Assets Held by Third Parties**.

All records or documents identifying any asset in which Judgment Debtor holds an ownership, beneficial, or security interest that is in the possession or control of any other person or entity.

17. **Transfers or Dispositions of Assets**.

All documents that reflect the sale, transfer, assignment, conveyance, or other disposition of any material assets of Judgment Debtor during the preceding twenty-four (24) months,

including machinery, equipment, vehicles, real property, accounts receivable, and other property, identifying the asset transferred, date of transfer, transferee, consideration received, and disposition of any proceeds.

18. **Entity Governance and Ownership Documents**.

All articles of incorporation or organization, bylaws, operating agreements, stock or membership ledgers, shareholder or membership records, and other entity governance and ownership documents sufficient to identify the current and former officers, directors, managers, members, shareholders, and owners of Judgment Debtor during the preceding twenty-four (24) months, including documents reflecting any changes in ownership, organizational structure, or transfers of ownership interests during that period.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, LOCAL 649, OPERATING ENGINEERS APPRENTICESHIP TRUST FUND, OPERATING ENGINEERS LOCAL 649 ANNUITY TRUST, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS INDUSTRY ADVANCEMENT FUND, DOWNSTATE INFRASTRUCTURE AWARENESS AND ADVANCEMENT FUND, and UPGRADE FUND, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 24-cv-1309 |
| TYRO CONSTRUCTION, INC. | ) | |
| Defendant. | ) | |

**CITATION NOTICE**

| | |
|---|---|
| Name and Address of Court: | United States District Court for the Central District of Illinois, Peoria Division, 100 N.E. Monroe Street, Peoria, IL 61602 |
| Name of Case: | Mid Central Operating Engineers Health and Welfare Fund *et al.*, v. Tyro Construction, Inc., case number 24-cv-1309 |
| Name and Address of Judgment Debtor: | Tyro Construction, Inc.<br>Attn. Tracy Perkins, President and Registered Agent<br>4226 South King Dr<br>Chicago, IL 60653 |
| Name and address of Attorney for Judgment Creditor or of Judgment Creditor (if no attorney is listed): | John P. Leahy<br>Cavanagh & O'Hara LLP |

| | |
|---|---|
| | 2319 W. Jefferson Street<br>Springfield, IL 62702 |
| Amount of Judgment: | $31,212.55, exclusive of accrued post-judgment interest and any additional costs recoverable under applicable law |
| Date of Judgment: | February 6, 2026 |
| Name of Person Receiving Citation: | Tyro Construction, Inc.<br>Attn. Tracy Perkins, President and Registered Agent<br>4226 South King Dr<br>Chicago, IL 60653 |
| Court Date and Time: | ___________, 2026 at ______ a.m. |

**NOTICE:** The court has issued a citation against the person or entity named above. The citation directs that person or a representative of the entity to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above.

**IF THE PERSON FAILS TO APPEAR IN COURT AT THE DATE AND TIME PROVIDED, THE PERSON MAY LOSE THE RIGHT TO PROTECT MONEY IN A BANK, SAVINGS BANK, OR CREDIT UNION ACCOUNT AND OTHER ASSETS AND COULD BE SUBJECT TO ARREST AND IMPRISONMENT.**

On or after the court date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment. The amount of income or assets that may be applied toward the judgment is limited by Federal and Illinois law.

**THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:**

(1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor, of which $1,000 will be automatically applied to a debtor's bank, savings bank, or credit union account through the end of the hearing noted above; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veteran's benefits, circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $3,600 in value, in any one motor vehicle, and the debtor's equity interest not to exceed $2,250 in value, in any implements, professional books, or tools of the trade of the debtor.

(2) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $50,000 for individual and $100,000 for two or more individual owners, which homestead is exempt from judgment.

(3) Under Illinois law, the amount of wages that may be applied toward a Judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage or, under a wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

(4) Under federal law, the amount of wages that can be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5) Pensions and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

**THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME AND ASSETS OR BOTH.** The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the Clerk of the Court in writing at 100 N.E. Monroe Street, Peoria, IL 61602. When so notified, the Clerk of the Court will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the judgment creditor's attorney regarding the time and location of the hearing. This notice may be sent by regular first-class mail.